SCHOOL DISTRICT OF KANSAS CITY v. PHOENIX LAND & IMPROVEMENT
Co., Appellant.

Court en Banc, October 8, 1926.

**1. CONDEMNATION: Abandonment: Failure to Pay Award: Pending Motion for Jury Trial.** The condemning party having filed exceptions to the report of the commissioners and asked that the award be set aside and demanded a trial by a jury, within ten days after the report was filed, the landowner is not entitled to execution for the amount of the award, although the condemning party has not within the ten days elected to abandon the proceeding. Where exceptions and demand for a jury trial are timely filed, the award of damages is in abeyance and the entire matter under the protection of the court until the exceptions and demand are disposed of.

**2. ———: Exceptions: Not Expressly Sustained: Legal Effect.** An order reciting that the case "comes on for hearing upon plaintiff's exceptions to the report of the commissioners and upon plaintiff's demand for a jury trial herein, and the court finds that the plaintiff's demand for a jury trial herein should be and the same is now accordingly sustained," is irregular in not expressly sustaining the plaintiff's exceptions, but it in effect sustained them, for otherwise the demand for a jury could not have been granted.

**3. ———: Right to Jury Trial.** The right of either party in a condemnation proceeding to file exceptions to the commissioners' report and demand a trial by jury is a right as of course, to be allowed upon mere application without inquiry or contest. It may be made by a plaintiff who has paid the

commissioners' award into court, and by a defendant who has received the money; and if timely filed, it cannot be denied.

4. ————: **Award of Commissioners: Payment: Execution.** The award of the commissioners in a condemnation proceeding is not a judgment, where timely exceptions to it are filed and a demand is made for a jury trial; and where the court sets aside an assessment made by the commissioners and orders a new appraisement by a jury, no execution can thereafter issue for the amount of damages awarded by the commissioners, but the case must proceed to judgment, unless the condemning party is sooner granted leave to dismiss the proceeding, and where the application to dismiss is granted the landowner is not entitled to have the commissioners' award reinstated.

5. ————: **Dismissal: Costs.** Where a condemnation proceeding is dismissed upon the application of the condemnor, the assessment of costs and expenses incident to the discontinuance is a matter to be determined in a separate action.

Corpus Juris-Cyc. References: **Eminent Domain,** 20 C. J., Section 397, p. 1002, n. 7; Section 398, p. 1004, n. 17, 21, 22; Section 456, p. 1077, n. 91 New; Section 457, p. 1079, n. 10 New; Section 458, p. 1079, n. 14; Section 511, p. 1143, n. 44 New.

Appeal from Jackson Circuit Court.—*Hon. Allen C. Southern,* Judge.

Affirmed.

*Cooper & Neel, McAllister, Humphrey & Pew* and *Wallace Sutherland* for appellant.

(1) Under the general condemnation statute governing this proceeding, respondent waived its right to abandon the proceeding by not filing its election within ten days after the date the report of the commissioners was filed; and the election to abandon, filed by respondent more than eight months after said date, should be disregarded. Mo. Constitution, art. 12, sec. 4; Secs. 11143, 1793, R. S. 1919; Gray v. Ry. Co., 81 Mo. 135; Chicago Ry. Co. v. McGrew, 113 Mo. 390; St. Louis Ry. Co. v. Fowler, 113 Mo. 458; St. Louis Ry. Co. v. Knapp-Stout & Co., 160 Mo. 396; St. Louis & K. C. Ry. Co. v. Donovan, 149 Mo. 93; Milwaukee Ry. Co. v. Stolze, 76 N. W. 1113; In re Commissioners of Palisades Park, 151 N. Y. Supp. 977; People ex rel. v. Gas Light Co., 78 N. Y. 56, 34 Am. Rep. 500. (2) The award of the commissioners became a judgment, upon which the appellant is entitled to execution or other appropriate remedy, and after such judgment there can be no abandonment, and the award must be paid. Mo. Constitution, art. 12, sec. 4; Secs. 1793, 1795, R. S. 1919; Sprague v. Ry. Co., 122 Wis. 509, 106 Am. St. 997; State ex rel. McFarland v. Erskine, 206 N. W. 447; Big Lost River Irrigation Co. v. Davidson, 121 Pac. 93; Milwaukee Ry. Co. v. Stolze, 76 N. W. 1113. (3) The appellant is entitled to a strict compliance

with the legal provisions authorizing the condemnation proceeding. 7 Cyc. Pl. & Prac. 468; Gray v. Ry. Co., 81 Mo. 135; Schaffner v. St. Louis, 31 Mo. 272; Orrick School Dist. v. Dorton, 125 Mo. 439; St. Louis v. Glasgow, 254 Mo. 272.

*McCune, Caldwell & Downing* for respondent.

(1) The school district is authorized to condemn land for school purposes and proceed in the same manner as provided for condemnation of rights-of-way by railroads or similar corporations as provided in Art. 2, Chap. 113, R. S. 1919. See Section 11428. (2) The school district may abandon its purpose to condemn and thereupon the assessment of damages becomes void. Meadow Park Land Co. v. School District, 301 Mo. 688. (3) The school district had the right to abandon the condemnation proceeding within ten days after the assessment of damages by a jury. State ex rel. Hilleman v. Fort, 180 Mo. 97; Murphy v. Barron, 286 Mo. 390. (4) It was not necessary that the report of the commissioners should be set aside to entitle the school district to a jury trial. Southern Mo. Railroad Co. v. Wyatt, 223 Mo. 347; Southern Ry. Co. v. Woodward, 193 Mo. 656; St. Louis, I. M. & S. Ry. Co. v. Pfau, 212 Mo. 398; Murphy v. Barron, 286 Mo. 390; Art. 12, sec. 4, Mo. Constitution; St. Louis Railroad Co. v. Realty & Inv. Co., 205 Mo. 167; Rothan v. Railroad Co., 113 Mo. 132; Chicago Ry. Co. v. Miller, 106 Mo. 458; Cape Girardeau Railroad Co. v. Blechle, 234 Mo. 471; Chicago Ry. Co. v. McGrew, 113 Mo. 390. (5) It was not necessary that the report of the commissioners should be set aside to entitle the school district to abandon the proceedings. Cape Girardeau Railroad Co. v. Blechle, 234 Mo. 471; Southern Mo. Railroad Co. v. Wyatt, 223 Mo. 347; Rothan v. Railroad Co., 113 Mo. 132; Murphy v. Barron, 286 Mo. 405.

WALKER, J.—This is an action by a school district to condemn land in Kansas City for school purposes under Section 11428, Revised Statutes 1919, which makes applicable by reference Sections 1793 and 1795, of Chapter 13, Article 2, Revised Statutes 1919, authorizing the condemnation of lands for the use of railroads and other corporations named therein.

The petition is in the usual form. An answer was filed by the appellant admitting the material allegations of the petition, but otherwise irrelevant. In conformity with the prayer of the petition commissioners were appointed to view and appraise the land sought to be condemned; they appraised it at $47,627.75, and filed their report with the clerk of the court May 18, 1925. The respondent on May 27, 1925, under Section 1795, filed exceptions to this report and

asked that the same be set aside as in excess of the value of the land and demanded a trial by jury to reassess the damages. On June 3, 1925, before the exceptions had been ruled upon by the court, the appellant filed a motion for an order on the respondent, requiring it to pay to the appellant or to the clerk of the court the amount of the award of the commissioners, alleging as a reason therefor that the appellant had not within ten days of the filing of the commissioners' report formally abandoned the proposed appropriation of appellant's land. On the 6th day of June, 1925, the court overruled appellant's motion, and made the following order relative to the respondent's exceptions and demand for a jury trial, viz:

"Now on this day comes on for hearing upon plaintiff's exception to the report of the commissioners and upon plaintiff's demand for a jury trial herein, and the court finds that the plaintiff's demand for a jury hearing should be and the same is now accordingly sustained.

"It is therefore ordered that this cause be tried in due course by a jury under the supervision of the court as in ordinary cases of inquiry of damages."

On the 23rd day of February, 1926, the respondent made formal application for and was granted leave to abandon the proposed appropriation and to dismiss the proceeding, which was granted. The appellant moved to strike from the files the motion to abandon and dismiss, and the same was overruled. The appellant, having properly preserved objections and exceptions to the adverse rulings of the court, applied for and was granted an appeal to this court.

School districts, under Section 11428, Revised Statutes 1919, are clothed with the power of eminent domain for the condemnation of lands for school purposes by authorizing them to proceed in the manner prescribed by the statute (Chap. 13, art. 2, R. S. 1919) for the condemnation of lands by railroads and other corporations named therein.

Section 11428, supra, provides in effect, that whenever a school board (in a city of more than 75,000 or less than 500,000) shall select a site for a school house . . . and cannot agree with the owner as to the price to be paid for the same . . . the board may in the name of the district proceed to condemn the same in the manner as provided for the condemnation of the right of way for railroads in Article 2 of Chapter 13, supra; and on such condemnation and the payment of the appraisement as provided, the title to the land sought to be condemned shall vest in the school district.

Section 1783, of Chapter 13, Article 3, supra, provides, in effect, that the trial court shall appoint three commissioners to view the property sought to be condemned, who shall, after having viewed the same, make a report under oath and file the same with the clerk

of the court, stating the amount of damages the owner is entitled to receive for his land; and thereupon the company seeking the condemnation shall pay to the clerk the amount thus found for the party in whose favor the damages have been assessed. On the making of such payment the company shall hold the interest in the property so appropriated for the use for which it was condemned. Upon the failure to pay the assessment the court may, upon notice and motion, enforce the payment of same by execution, unless the company within ten days from the return of the assessment, shall elect to abandon the proposed appropriation by a writing to that effect to be filed with the clerk and entered on the minutes of the court.

Section 1795 provides, in effect, that upon the filing of the report by the commissioners the clerk of the court shall notify the party whose land is affected and the report may be reviewed by the court on written exceptions filed by either party within ten days after the service of the notice aforesaid; and the court may make such order therein as right and justice may require and may order a new appraisement upon good cause shown. Such new appraisement shall, at the request of either party, be made by a jury.

I.   The contention of the appellant is that the abandonment of the proposed appropriation not having been made by the respondent within ten days from the return of the assessment of damages by the commissioners as provided by Section 1793, rendered the award final and that the appropriation thereupon became absolute, thus rendering the  liability of the respondent therefor complete. This conclusion would follow but for the intervening facts disclosed by the record. It is there shown that within ten days from the filing of the report of the commissioners with the clerk of the court, the respondent filed exceptions to the same and demanded a jury to assess the damages. These exceptions were on file and may be said to have been *in graemio legis,* when the appellant filed its motion for an order on the respondent requiring it to pay to appellant or to the clerk of the court, the amount of damages awarded by the report of the commissioners. The exceptions to the commissioners' report and the demand for a jury having been timely made the entire matter was, as we have indicated, under the protection of the law or in abeyance until the respondent's exceptions and demand had been disposed of. Under this state of facts the motion of the appellant was untimely and not well taken and it was properly overruled. While the court's order sustaining the respondent's demand for a jury was irregular in not expressly sustaining the latter's exceptions to the commissioners' report no subtle reasoning is necessary to sustain the conclusion that this was done. If it had not been done the demand for a jury could not have been granted. Words properly

used are facile instrumentalities for the expression of thought, but there are instances, and the order of the court is one of them, where the disposition of the matter in hand, so far as concerns the sustaining of the exceptions, did not require their use. [K. C. So. Ry. Co. v. Second St. Imp. Co., 256 Mo. l. c. 421; S. L., I. M. & S. Ry. Co. v. Pfau, 212 Mo. 398; Mo. Pac. Ry. v. Roberts, 187 Mo. l. c. 319; State ex rel. Hilleman v. Fort, 180 Mo. 97.]

The right of either party to file exceptions to the commissioners' report and demand a jury is a right as of course, by which we mean that it is to be allowed upon a mere application without inquiry or contest. [Donovan v. Gibbs, 268 Mo. l. c. 286.] If timely it may be made although the plaintiff has paid the money into court; and although the defendant has received the money he may file exceptions. Either party has, therefore, an absolute right to a trial by jury and the court tries the question *de novo*. [St. L. I. M. & S. Ry. Co. v. Pfau, supra; Mo. Pac. Ry. Co. v. Roberts, 187 Mo. l. c. 319.] In the Pfau case the right of the party filing the exceptions to a trial by a jury was affirmatively declared, although no order had been made sustaining or overruling the exceptions. This, as indicated in other cases, was because the right demanded was one of course.

The foregoing judicial interpretations are in harmony with the meaning and purpose of the statute; otherwise construed it would fall short of defining the rights and prescribing the remedies accorded to parties in a case of this character.

II. To sustain the appellant's contention that error was committed in overruling its motion for a payment of the award of the commissioners it would be necessary to hold that the award when made became final and was in the nature of a judgment. This contention, however, is unfounded where, as at bar, the award has been set aside. It was so held in State ex rel. Hilleman v. Fort, supra, in which it was said in effect, after much discursive comment, that where the court sets aside an assessment made by the commissioners and orders a new appraisement by a jury, no execution can thereafter be issued for the amount of the damages awarded by the commissioners, for there is no judgment upon which to base it. This case states the law correctly, in a general way. The cases above discussed, however, are more definite as to the effect of the exercise of the right of exceptions and a demand for a jury. The comprehensive character of this right as judicially construed, excludes from contemplation the ten days' Statute of Limitations, prescribed in Section 1793, within which one demanding an appropriation shall abandon the same. There being no appropriation after the abrogation of the commissioners' report by the filing of the exceptions and demand for

a jury, there is nothing which can be abandoned. This limitation can only apply where there is a subsisting commissioners' report. There being none in this case the trial court was well within the exercise of its power in overruling the appellant's motion to require the respondent to pay the amount of the theretofore commissioners' report to the former or the clerk of the court.

The delay in the disposition of the case did not affect the rights of the parties. Their legal *status quo* was the same in January, 1926, when the suit was dismissed, as it was in June, 1925, when the respondent's demand for a jury was granted. The rights of the parties were simply held in abeyance and the respondent's right to dismiss the proceedings was not affected by the delay. The application to dismiss is erroneous in electing to abandon the appropriation of the land which, as we have shown, ceased to exist upon the demand for a jury. This, however, may be rejected as surplusage and the effective force of the respondent's application and the court's order limited to the dismissal of the case.

Whatever costs and expenses may have been incurred by the appellant incident to the discontinuance of this proceeding are matters to be determined in a separate action. [Meadow Park Land Co. v. School Dist., 301 Mo. l. c. 696 and cases.]

The judgment of the trial court is affirmed. All concur, except *Graves, J.*, absent.