**MALLETTE et al. v. UNITED STATES.**

No. 12512.

Circuit Court of Appeals, Eighth Circuit.

July 21, 1943.

Jean Paul Bradshaw, of Lebanon, Mo. (Claude T. Wood, of Richland, Mo., and Bradshaw & Fields and Robert C. Fields, all of Lebanon, Mo., on the brief), for appellants.

Dwight D. Doty, Atty., Department of Justice, of Washington, D. C. (Norman M. Littell, Asst. Atty. Gen., and Vernon L. Wilkinson, Atty., Department of Justice, of Washington, D. C., on the brief), for appellee.

Before SANBORN, WOODROUGH, and RIDDICK, Circuit Judges.

SANBORN, Circuit Judge.

The main question for decision is whether the appellants, owners of land in Pulaski County, Missouri, taken by the Government in condemnation proceedings for Fort Leonard Wood, a military reservation, are entitled to have a jury determine the issue of the value of their land.[1] They have appealed from a judgment confirming the award of commissioners. The appellants had excepted to the award and applied for a jury trial. The Government apparently resisted their application in the District Court, and it was denied. Both parties now assert that the application for a jury trial should have been granted, and that its denial was error. It was error if, under Missouri law, a jury trial would have been available in a similar proceeding brought in the state courts of Missouri. This, because the acts of Congress under which this proceeding was brought require substantial conformity with state practice.[2]

In denying the appellants a jury trial, the District Court relied upon the opinion of this Court in United States v. Hess, 70 F.2d 142, rehearing denied 71 F.2d 78. That case arose under the Flood Control Act, c. 569, 45 Stat. 534, 33 U.S.C.A. § 702a

---

[1] The proceedings were instituted under the General Condemnation Act of August 1, 1888, c. 728, 25 Stat. 357, 40 U.S.C.A. §§ 257, 258; the Military Purposes Condemnation Act of July 2, 1917, 40 Stat. 241, 50 U.S.C.A. § 171; and the Declaration of Taking Act of February 26, 1931, 46 Stat. 1421, 40 U.S.C.A. § 258a.

[2] Sec. 2 of the Act of August 1, 1888 (General Condemnation Act), c. 728, 25 Stat. 357, 40 U.S.C.A. § 258, provides: "The practice, pleadings, forms and modes of proceedings in causes arising under the provisions of this act shall conform, as near as may be, to the practice, pleadings, forms and proceedings existing at the time in like causes in the courts of record of the State within which such district court is held, any rule of the

et seq., which not only has no provision for a jury trial of the issue of value or compensation, but which in § 4, 33 U.S.C.A. § 702d, provides: "In all such proceedings the court [United States District Court], for the purpose of ascertaining the value of the property and assessing the compensation to be paid, shall appoint three commissioners, whose award, when confirmed by the court, shall be final." This Court ruled in the Hess case that in condemnation proceedings under the Flood Control Act a land owner was not entitled to a jury trial of the issue of compensation; but in its main opinion (70 F.2d 142) it did not base its ruling squarely upon the provisions of that Act. It expressed the view that if the land owner might rely upon the provisions of the Conformity Act, 28 U.S. C.A. § 724, "it was incumbent upon her to point out Missouri law in conformity with which the federal court would be called on to impanel a jury in her case." Page 143 of 70 F.2d. After a review of the applicable law of Missouri, this Court in its main opinion said (page 145 of 70 F.2d): "It appears that the condemnation proceedings in Missouri in which jury trial is of right to the owner of the property are cases in which railroads, utilities, and the like corporations are the moving parties, or in which the owners of the properties condemned are corporations, and in special cases where jury trials are specifically provided for; but the fixing of compensation upon awards of commissioners to be approved or confirmed by the court and without jury trial is familiar practice sanctioned by law in Missouri. The United States government is not an entity analogous to profit earning corporations, or within the purview of the statutes prescribing the mode of condemnation proceedings applicable to such corporations." It is apparent that the decisive question in the Hess case was whether the Flood Control Act set up its own exclusive eminent domain procedure, and this Court in its opinion on rehearing said (page 79 of 71 F.2d): "We are satisfied that the Congress has by clear, definite, and concise language evidenced its intent that in all condemnations carried on under authority of the Flood Control Act compensation shall be fixed without jury trial by award of commissioners confirmed by the court."

We must now determine whether what was said in the main opinion in the Hess case, indicating that the general practice in Missouri is not to grant jury trials to individuals in condemnation cases in which corporations are not interested, was incorrect.

The Constitution of Missouri, as was pointed out in the Hess case, provides in § 21 of Article II, Mo.R.S.A.: "That private property shall not be taken or damaged for public use without just compensation. Such compensation shall be ascertained by a jury, or board of commissioners of not less than three freeholders, in such manner as may be prescribed by law * * *." Sec. 4 of Article XII provides: "The right of trial by jury shall be held inviolate in all trials of claims for compensation, when in the exercise of said right of eminent domain, any incorporated company shall be interested either for or against the exercise of said right." There is no constitutional requirement in Missouri that a property owner who is an individual shall have a jury trial of the issue of compensation in a condemnation proceeding in which no corporation is interested. The legislature of Missouri is free to determine whether in such a proceeding compensation shall be assessed by a jury or by commissioners.

The procedure for the condemnation of property by "any road, railroad, street railway, telephone, telegraph or any electrical corporation * * * or any oil, pipe line or gas corporation * * * or other corporation created under the laws of this state for public use," is provided for in Article 2 of Chapter 8, Revised Statutes Missouri 1939, §§ 1504–1513, Mo.R.S.A. §§ 1504–1513. Section 1506 requires the appointment of three commissioners to assess value or compensation for the taking. Section 1508 provides: " * * * the report of said commissioners may be reviewed by the court in which the proceedings are had, on written exceptions, filed by either party in the clerk's office, within ten days after the service of the notice aforesaid [of the filing of the report]; and the court shall make such order therein as right and justice may require, and may order a new appraisement, upon good cause shown. Such new appraisement shall, at the request

---

court to the contrary notwithstanding."
The Act of July 2, 1917 (Military Purposes Condemnation Act), 40 Stat. 241, 50 U.S.C.A. § 171, provides that the condemnation proceedings thereunder be

"prosecuted in accordance with the laws relating to suits for the condemnation of property of the States wherein the proceedings may be instituted * * *."

of either party, be made by a jury, under the supervision of the court, as in ordinary cases of inquiry of damages \* \* \*." In proceedings brought under this statute of Missouri, when exceptions are taken to the commissioners' report, a jury trial of the issue of compensation is a matter of right. School Dist. of Kansas City v. Phœnix Land & Improvement Co., 315 Mo. 775, 287 S.W. 621; State ex rel. Union Electric Light & Power Co. v. Bruce, 334 Mo. 312, 66 S.W.2d 847. Many of the Missouri eminent domain statutes adopt the procedure prescribed in Article 2 of Chapter 8, Revised Statutes Missouri 1939, directly or by reference.[3] Other eminent domain statutes of Missouri make special provision for the assessment of compensation by jury.[4]

■ Where a Missouri city of the first class condemns the property of an individual, no provision for the assessment of compensation by a jury is made. Sections 6386–6396, R.S.Mo.1939, Mo.R.S.A. §§ 6386–6396. This appears to be the only present exception to the general practice in Missouri of according the right to a jury trial of the issue of compensation. It seems safe to say that, under Missouri practice in condemnation cases, a land owner, whether an individual or a corporation, is, generally, accorded the right to a jury trial of the issue of compensation. That this is the general policy of Missouri is indicated by the adoption of § 16 of Article XIV of the Constitution of Missouri, creating a State Conservation Commission authorized to condemn property "in the same manner as now or hereafter provided for the exercise of eminent domain by the State Highway Commission." The State Highway Commission, by § 8759, R.S.Mo.1939, Mo.R.S.A. § 8759, is required to proceed in accordance with Article 2 of Chapter 8, R.S.Mo.1939, which, as already pointed out, accords the right of jury trial.

■ Since the State of Missouri and its governmental subdivisions (except cities of the first class with respect to the property of individuals), in condemning lands (whether owned by individuals or corporations) for highways, for penal institutions, for schools, for the State University, for court houses, and for other public institutions, and for conservation purposes, are required to follow State procedure, which accords the right to have the issue of compensation determined by jury, we think the United States, when it condemns property in Missouri under acts of Congress which require conformity with state practice, must accept the same procedure.

The opinion of this Court in the Hess case was correct in so far as it ruled that a jury trial of the issue of compensation was not available under the Flood Control Act, but was incorrect in so far as it intimated that in a condemnation proceeding brought by the United States to condemn property in Missouri under acts of Congress requiring conformity to state practice, a jury trial was not available to an individual land owner.

It is the opinion of this Court that the appellants were entitled to a jury trial of the issue of compensation, and that there-

[3] R.S.Mo.1939, Mo.R.S.A.:
§ 5382 (bridge corporations)
§ 5517 (exposition companies)
§ 6953 (cities of third class—property outside limits)
§ 7173 (cities of fourth class—property outside limits)
§ 7795 (cities—waterworks)
§ 8558 (cities and counties—bridge purposes)
§ 8759 (State Highway Commission—highway purposes)
§ 8791 (State Highway Department—highway purposes)
§ 8987 (State Department of Penal Institutions)
§ 9266 (eleemosynary institutions)
§ 10348 (school districts and boards of education—for school purposes)
§ 10783 (State University)
§ 13717 (counties—for courthouses, jails, poorhouses, etc.)

§ 14154 (State—for State fair purposes)
§ 15275 ("the public"—enlargement of cemeteries)
[4] R.S.Mo.1939, Mo.R.S.A.:
§ 5376 (corporations supplying water to municipalities)
§ 6759 (cities of second class)
§ 7003 (cities of third class)
§ 7026 (cities of third class—sewer purposes)
§ 7234 (cities of fourth class)
§ 7376 (all cities and towns—damage to private property due to public improvements)
§ 7491 (cities and towns under special charters)
§ 8635 (certain counties—road purposes)
§ 12759 (counties—damage from drainage ditches)

98

fore the judgment appealed from must be reversed.

In view of the fact that there must be a new trial of the issue of compensation, it is unnecessary to consider the appellants' contention that the proceedings thus far had in the District Court do not conform to the requirements of "due process."

The judgment appealed from is reversed, and the case is remanded with directions to grant a new trial.