## BABLER v. UNITED STATES.

### No. 12532.

Circuit Court of Appeals, Eighth Circuit.

July 21, 1943.

Jean Paul Bradshaw, of Lebanon, Mo. (Claude T. Wood, of Richland, Mo., and Bradshaw & Fields and Robert C. Fields, all of Lebanon, Mo., on the brief), for appellant.

Dwight D. Doty, Atty., Department of Justice, of Washington, D. C. (Norman M. Littell, Asst. Atty. Gen., Frank M. Mayfield, Sp. Atty., Department of Justice, and Vernon L. Wilkinson, Atty., Department of Justice, both of Washington, D. C., on the brief), for appellee.

Before SANBORN, WOODROUGH, and RIDDICK, Circuit Judges.

SANBORN, Circuit Judge.

This case and the case of Mallette v. United States, 137 F.2d 95, just decided by this Court, are companion cases, both involving the condemnation of Missouri lands by the United States for Fort Leonard Wood, a military reservation. In this case, as in the Mallette case, a jury trial of the issue of value or compensation was denied, and the award of commissioners, which had been excepted to by the appellant, was confirmed by the District Court. Both sides now assert that this was error, and we have ruled in the Mallette case that it was.

The appellant asks that, in reversing the judgment confirming the commissioners' award, we determine the sufficiency of the

evidence to support the finding of the District Court that, at the time the appellant acquired the land in suit, it was within the boundaries of the proposed military reservation, and that therefore he might not have compensation for any enhancement in the value of the land caused by the creation of the reservation.

The Government asks that the appeal be dismissed for want of jurisdiction, on the ground that it was taken too late. The judgment appealed from was entered July 17, 1942. A motion for a new trial was filed July 27, 1942, and was considered on its merits and denied September 8, 1942. A second motion for a new trial, made on November 28, 1942, with leave of court, was denied on that day. Notice of appeal was given December 8, 1942. If the time for appeal ran from July 17, 1942, this Court would be without jurisdiction, since 28 U.S.C.A. § 230 allows only three months from the entry of judgment within which to appeal. If, however, the time to appeal was suspended during the pendency of the first motion for a new trial, the appeal was taken in time. The Government argues that, since the acts of Congress under which this proceeding was brought require conformity with state practice, and since § 1171, R.S.Missouri 1939, Mo.R.S.A. § 1171, allows only four days for the making of a motion for a new trial, the motion made by the appellant ten days after the entry of judgment was untimely, and therefore did not have the effect of suspending the time for appeal.

■ A motion for a new trial or for a rehearing if "duly and seasonably filed" suspends the time for taking an appeal, and the time runs from the date of the denial of the motion. Morse v. United States, 270 U.S. 151, 153, 154, 59 S.Ct. 618, 83 L.Ed. 394, and cases cited. Assuming that the first motion for a new trial made by the appellant was six days late, we are of the opinion that it, nevertheless, was not unseasonably made and that it had the effect of suspending the time for appeal, first, because the court, at the commencement of the trial, expressed grave doubt as to whether the appellant was not entitled to a jury trial of the issue of compensation, and, in effect, invited the appellant, if dissatisfied with the result of the trial by the court, to renew his request for a jury determination by moving for a new trial; and, second, because the court, before the time for appeal had expired, entertained the motion for a new trial made July 27, 1942, and considered and denied it upon its merits. The judgment, while final in form on July 17, 1942, was, in effect, subject to an express reservation of jurisdiction to vacate it if the court was later convinced, on a motion for a new trial, that the issues should have been tried to a jury. The judgment was, therefore, we think, not a final judgment until September 8, 1942, when the court denied the appellant's motion for a new trial. Compare Zimmern v. United States, 298 U.S. 167, 169, 170, 56 S.Ct. 706, 80 L.Ed. 1118; Suggs v. Mutual Ben. Health & Accident Ass'n, 10 Cir., 115 F.2d 80, 82.

■ An untimely motion for a new trial, if made within the time for appeal and if entertained and considered on its merits, will enlarge the time within which an appeal may be taken. "A defeated party who applies for a rehearing and does not appeal from the judgment or decree within the time limited for so doing, takes the risk that he may lose his right of appeal, as the application for rehearing, if the court refuse to entertain it, does not extend the time for appeal. Where it appears that a rehearing has been granted only for that purpose the appeal must be dismissed." Wayne United Gas Co. v. Owens-Illinois Glass Co., 300 U.S. 131, 137, 57 S.Ct. 382, 385, 81 L.Ed. 557. "The filing of an untimely petition for rehearing which is not entertained or considered on its merits, or a motion for leave to file such a petition out of time, if not acted on or if denied by the trial court, cannot operate to extend the time for appeal. But where the court allows the filing and, after considering the merits, denies the petition, the judgment of the court as originally entered does not become final until such denial, and the time for appeal runs from the date thereof." Bowman v. Loperena, 311 U.S. 262, 266, 61 S.Ct. 201, 203, 85 L.Ed. 177. See and compare Bernards v. Johnson, 314 U.S. 19, 31, 62 S.Ct. 30, 86 L.Ed. 11; Pfister v. Northern Illinois Finance Corp., 317 U.S. 144, 150-154, 63 S.Ct. 133, 87 L.Ed. ——.

If the court below had not virtually invited the appellant to renew his application for a jury trial by applying for a new trial, and if it had refused to entertain the motion or had denied it because it was made out of time or was completely without merit or was made for the purpose of enlarging the time for appeal, a different situation would be presented. We are con-

**100**

vinced that, under the circumstances, this appeal was timely and that this Court is not without jurisdiction to entertain it.

The judgment appealed from was erroneous, since the appellant was entitled to a jury trial of the issue of compensation.

We think it might be more confusing than helpful for this Court to express an opinion as to the sufficiency of the evidence in the present record on appeal to support the finding of the District Court that the land in suit, at the time the appellant acquired it, was within the boundaries of the proposed military reservation. There can be no certainty that the evidence upon that issue will again be the same. If the fact is that the appellant's land was "probably within the scope of the project from the time the Government was committed to it" (United States v. Miller, 317 U.S. 369, 377, 63 S.Ct. 276, 281, 87 L.Ed. ——), the Government should be able to establish that fact by the surveys, records and testimony of those who were in charge of creating this reservation and who should know the probable scope of the project to which the Government was committed at the time the appellant acquired his land. The applicable law appears to be sufficiently stated in United States v. Miller, supra.

The judgment appealed from is reversed, and the case is remanded with directions to grant a new trial.