**STATE of Missouri ex rel. STATE HIGHWAY COMMISSION of Missouri, Plaintiff-Respondent,**

v.

**Elwyn Loomis CADY and Annabel Cady, Defendants-Appellants.**

**No. 24344.**

Kansas City Court of Appeals.

Missouri.

Dec. 6, 1965.

Motion for Rehearing and or Transfer to Supreme Court Denied Feb. 7, 1966.

Application to Transfer Denied April 11, 1966.

Elwyn Loomis Cady, Jr., Kansas City, for appellants.

Joe Bill Carter, Robert L. Hyder, Jefferson City, for respondent.

SPERRY, Commissioner.

Plaintiff instituted this suit for the purpose of condemning certain of defendants' real estate for highway construction. Condemnation of something over an acre was adjudged for right of way, and of a tract for an easement for drainage construction, was adjudged. No buildings were taken or damaged. The total land affected was two and eighty-three hundredths acres, according to the court's instructions. From a jury verdict, and judgment thereon in the amount of $150.00, defendants have appealed.

This is the second appeal in this case. State ex rel. State Highway Commission v. Cady, Mo.App., 372 S.W.2d 639. This appeal was originally lodged in the Su-

preme Court but was transferred to us on the grounds that such court lacked jurisdiction. The original briefs in the Supreme Court are re-filed here. The contents thereof are largely devoted to constitutional and other questions relating to jurisdiction. Such questions are not pertinent to a final disposition of this appeal.

The record shows that, after the final judgment of this court in the first appeal had gone down, the Circuit Court conducted a hearing to determine the jurisdictional fact of whether negotiations were had, between plaintiff and defendants, in an effort to agree on the amount of damages to be paid for the taking of land and rights of defendants, prior to the institution of condemnation proceedings. From evidence before the court the judge found that such negotiations had occurred but that no agreement could be reached. (It appeared that plaintiff contended, during such negotiations, that defendants' benefits, from the proposed highway improvements, exceeded their damages, and refused to offer any cash payment for damages; and that defendants refused to agree to that proposal).

Thereafter, the court appointed Commissioners to assess damages. Damages assessed amounted to $100.00. Defendants excepted to the report of the Commissioners and the cause was tried to a jury. Defendants offered in evidence a quit claim deed whereby a consolidated school district conveyed an acre of land out of a corner of the tract here involved, adjacent to the land condemned, and rested. The recited consideration therefor was $2,800.00.

Plaintiff produced two witnesses on the issue of damages. Mr. Slattery, a landowner in the vicinity and a former tenant of the property involved, stated that he was familiar with the road construction and with the property prior to construction; that the part taken for right of way was an old fence row bordering the former township road; that construction of the state highway and of the drainage im-

provement increased the value of the remaining tract; that the land actually taken was worth from $15.00 to $20.00 per acre prior to the taking; and that drainage from this tract had been a problem prior to construction of the drainage improvement.

Mr. Cristison is a landowner of the area. He was familiar with this land and had combined grain on it. He stated that this improved highway replaced a narrow, rough and bumpy township road over which it was difficult to operate farm equipment; that the drainage was bad and caused flooding of the ditch under a culvert, washing it out; that he appraised the farm, prior to the taking, at $150.00 per acre; that its value was increased by from $10.00 to $15.00 per acre, by reason of the improvement. He stated that the land transferred to the school district was better located and more valuable than that taken in this proceeding, and that there was a building on it. It appears that defendants' evidence regarding the deed would be of little value in arriving at the damages suffered by defendants by reason of the taking *here* involved.

■ Defendants complain that there is no proof of the jurisdictional fact of negotiations between the parties in an attempt to reach an agreement on the amount of damages due defendants prior to institution of this action and appointment of Commissioners. In State ex rel. v. Cady, supra, we hold that such negotiations must precede the filing of condemnation proceedings. When this case was again heard below, evidence of an attempt by plaintiff to procure an agreement on damages was offered and the court held such attempt to negotiate sufficient to comply with this requirement. This occurred before other orders were made. We approve that ruling.

■ It is next contended that the court should have disapproved and set aside the report of the Commissioners because of failure of the Commissioners to find

and allow damages to be paid *in cash money*. The filing of exceptions to the report and the order granting a jury trial resulted in setting aside the report. It was then as though no report had even been made. School District of Kansas City v. *Phoenix Land & Improvement Co.*, 315 Mo. 775, 287 S.W. 621, 622; State ex rel. State Highway Commission v. Deutschman, 346 Mo. 755, 142 S.W.2d 1025, 1028. Furthermore, the Commissioners found and reported damages in the amount of $100.00. This is less than defendants believe they are entitled to receive, but it does not amount to an illegal taking of private property without just compensation, as a matter of law. The jury, after a *full* hearing, allowed only $150.00.

■ Error is predicated on the action of the court in permitting counsel for plaintiff to say, in his opening statement, that there would be evidence to the effect that the tract involved was of a greater market value *after* the taking than it was *prior* thereto, and that, as a consequence, defendants were not entitled to receive any damages for the taking. The measure of damages to which defendants are entitled is the difference between the fair reasonable market value of the tract remaining after the taking, and the fair market value of the whole tract prior thereto. State ex rel. v. Ridgway, our docket number 24357, opinion handed down concurrently herewith. It is proper for the jury to take into consideration the benefits accruing to the land involved in arriving at the damages due defendants. Sec. 227.-120, RSMo 1959, V.A.M.S.; Newby v. Platte County, 25 Mo. 258. It was not improper for that issue to be argued by plaintiff, on the evidence and the law. Baughman v. Metropolitan St. Ry. Co., Mo.App., 177 S.W. 800.

■ Defendants complain that the jury, in assessing damages, took into consideration special benefits accruing to defendants although this issue was not submitted in the single verdict directing instruction given in the case. In that respect the instruction unduly favored defendants. However, we have no way of determining whether or not the issue played any part in the jury's ultimate decision. There was testimony to the effect that the *value of the land taken* (2.83) acres, prior to its taking, was from $15.00 to $20.00 per acre. There was also testimony to the effect that the whole farm was increased in value, by construction of the road and drainage improvement, at least $10.00 per acre.

No error materially affecting the merits of the case appears. The judgment is affirmed.

MAUGHMER, C., concurs.

PER CURIAM:

The foregoing opinion of SPERRY, C., is adopted as the opinion of the court.

CROSS, P. J., HOWARD, J., and FRANK HAYES, Special Judge, concur.

BLAIR, J., not participating.