## ZIMMERN et al. v. UNITED STATES.

No. 766.   Argued April 3, 1936.—Decided April 27, 1936.

*Mr. Lawrence Koenigsberger* for petitioners.

*Mr. Charles E. Wyzanski, Jr.,* with whom *Solicitor General Reed, Assistant Attorney General Jackson,* and *Messrs. Sewall Key* and *S. E. Blackham* were on the brief, for the United States.

MR. JUSTICE CARDOZO delivered the opinion of the Court.

The question in this case is whether the petitioners appealed to the Circuit Court of Appeals within the time prescribed by law.

The United States brought suit to set aside a deed by Samuel Zimmern to his wife, and another deed, in which the wife joined, to his children, a separate parcel of real estate being the subject of each. At the time of the conveyance Samuel Zimmern was indebted to the complainant for a deficiency of income taxes duly assessed against him. The deeds were attacked upon the ground that they

had been made without consideration and with fraudulent intent. The District Court after a trial sustained the charge of fraud and gave judgment in favor of the complainant for the relief prayed for in the bill. Its decree, which was entered on March 3, 1934, directed a sale of the two parcels, and the payment of the proceeds to the United States to be applied upon the taxes after deducting what was due to the wife by reason of a homestead exemption allowed by the local law. Nothing was said in the decree as to the exception or reservation from the sale of her inchoate right of dower.

The term at which the cause was tried would have expired, unless extended, on May 28, 1934. However, before that date, the judge made an order extending the term for ninety days, the order being prefaced with the following recital: "It appearing to the court that a decree was entered in this cause on March 3rd, 1934 and for good reason shown it will be necessary to modify or amend said decree."[*] No petition for rehearing in behalf of the wife, Leila Zimmern, appears in the record, nor any motion for an amendment. A petition in behalf of Samuel Zimmern does appear, but it was filed on August 11, 1934, when the time to appeal had already gone by if the original decree was then presently in force. Cf. *Conboy* v. *First National Bank of Jersey City*, 203 U. S. 141, 145. Two

---

[*] For greater certainty the terms of the order are here stated in full:

"It appearing to the Court that a decree was entered in this cause on March 3rd, 1934 and for good reason shown it will be necessary to modify or amend said decree,

"It is, therefore, ordered and adjudged by the Court that the November Term of this Court which expires on the 28th day of May, 1934 be, and the same is, extended for ninety (90) days from that date, in which time all matters and orders in connection with this cause and the amendments of the decree may be entered.

"Done this 11th day of May, A. D., 1934.

ROBERT T. ERVIN, Judge."

days later the judge made an order amending the decree by directing that the sale be subject to any dower rights of the wife, and in all other respects denying whatever motions were before him. Appeals by all the defendants were taken and allowed. Under the applicable statute (28 U. S. C. § 230), the appeals were too late if the time is to be computed from the date of the decree as originally entered. They were regular if the time is to be computed from the date of the amendment. The Court of Appeals held that what had been corrected by the amendment was an accidental slip or omission, not affecting the issues in suit (Federal Equity Rule 72), and inoperative to toll the statute. Accordingly, the appeals were dismissed, two opinions being written, one upon the original hearing and the other upon rehearing. 79 F. (2d) 703; 80 F. (2d) 993. This court granted certiorari to review a ruling as to practice that might tend, if erroneous, to introduce confusion into the law.

We think the decision misapprehends the effect of the order of May 11, 1934, in which the judge who had tried the cause declared himself dissatisfied with the decree that he had made, and to give himself an opportunity to make the necessary changes extended the term then drawing to a close. He did not limit the amendment to matters of form only as distinguished from those of substance. He did not act, so far as the record shows, at the instance of the defendants, still less upon a showing of error in only one particular. He stated broadly and, for all that appears, of his own motion that changes must be made, and without a word to indicate whether he meant them to be great or little. We think the effect of that order was to suspend the operation of the decree so that no appeal could be taken from it until it had been amended or confirmed, and its vigor thus restored. Until such action had been taken it was no longer a decree at all. The judge had plenary power while the term was in existence

to modify his judgment for error of fact or law or even revoke it altogether. *Doss* v. *Tyack,* 14 How. 297, 313; *Basset* v. *United States,* 9 Wall. 38, 41; *Bronson* v. *Schulten,* 104 U. S. 410, 415; *Henderson* v. *Carbondale Coal & Coke Co.,* 140 U. S. 25, 40. Finality was lacking until his choice had been announced.

The appeals being timely, the decree which dismissed them should be reversed, and the cause remanded to the Court of Appeals for the Fifth Circuit for further proceedings in harmony with this opinion.

*Reversed.*