## ASHLEY v. KEITH OIL CORPORATION et al.

### Civil Action No. 5492.

District Court, D. Massachusetts.
Nov. 18, 1947.

Hale, Sanderson, Byrnes & Morton, Clifford H. Byrnes, Harold E. Magnuson, and John J. Sullivan, all of Boston, Mass., for plaintiff.

Keith, Reed & Wheatley and Richard C. Reed, all of Brockton, Mass., for defendants.

WYZANSKI, District Judge.

Uncertain whether the amendments to the Federal Rules of Civil Procedure are now in effect, plaintiffs relying on new Rule 86(b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, present a motion requesting me to apply to their notice of appeal the three months' period provided under 28 U.S.C.A. § 230 and old Rule 73, Federal Rules of Civil Procedure, instead of the 30-day period provided under new Rule 73, Federal Rules of Civil Procedure.

The question of widest general interest involved in the motion is whether the amendments to the Federal Rules of Civil Procedure are now in effect; but there are other questions of significance to the parties which require a statement of the facts in some detail.

August 5, 1947, I entered judgment for defendants. August 14 plaintiffs filed a motion for a new trial. Despite the provisions of old Rule 59(b). Federal Rules of

Civil Procedure, stipulating that "a motion for a new trial shall be served not later than 10 days after the entry of the judgment," it was not until August 22 that counsel for plaintiffs served the motion upon defendants. August 26, pursuant to instructions from me, the Clerk of the District Court notified parties that the motion would be heard September 29. Later I changed the hearing date to September 30. On September 30 I heard and denied the motion in open court.

■■ The first question is when the appeal time began to run. Defendants contend that the time began to run on August 5, 1947, because a motion for a new trial was not timely served. Plaintiffs contend that the time began to run on September 30, 1947, because (a) while the motion for a new trial was not seasonably served it was seasonably filed and entertained, and that the period for review does not commence to run until after disposition of the motion, United States v. Seminole Nation, 299 U.S. 417, 421, 57 S.Ct. 283, 81 L.Ed. 316, and (b) in any event, the District Court announced that it would entertain and did in fact entertain the motion, and under these circumstances until the District Court had taken final action on the motion, no appeal lay and the appeal time did not begin to run. Zimmern v. United States, 298 U.S. 167, 56 S.Ct. 706, 80 L.Ed. 1118. In my opinion it is not the function of the District Court to resolve this contention. It is for the Circuit Court of Appeals to determine when the appeal time begins to run. If I am mistaken and it is my duty to determine the question, I rule that the appeal period did not begin until September 30 when I made my final choice what to do about plaintiffs' motion for a new trial which I had entertained. Zimmern v. United States, supra.

■ The next question is when the appeal time expires. If the amendments to the Federal Rules of Civil Procedure are not in effect, three months are allowed. 28 U.S.C.A. § 230. If the amendments are in effect, 30 days are allowed, New Rule 73, Federal Rules of Civil Procedure, unless the application of the amendments would work injustice. New Rule 86(b), Federal Rules of Civil Procedure. For reasons which I shall state presently I conclude that the amendments are not now in effect and that the motion should be denied on that ground. However, if I were mistaken, I would grant the motion on the ground that it would be unjust to hold that a lawyer should have known that the amendments were in effect when the Court itself did not know that fact.

■ In considering whether the amendments are in effect the starting point is 48 Stat. 1064, 28 U.S.C.A. § 723c, which (so far as now material) provides that the rules (and I infer that includes any amendments thereof) "shall not take effect until they shall have been reported to Congress by the Attorney General at the beginning of a regular session thereof and until after the close of such session."

■ Consistent with that statutory authorization, the Supreme Court of the United States on January 2, 1947, adopted and transmitted to the Attorney General and he on January 3, 1947, transmitted to Congress amendments to the rules to "take effect on the day which is three months subsequent to the adjournment of the first regular session of the 80th Congress." 329 U.S. 841, 842, 875; Federal Rules of Civil Procedure, new Rule 86(b). As here used the word "adjournment" obviously means "adjournment sine die."

Thus under both the statute and the proposed amendments themselves it is provided that the amendments do not go into effect until three months subsequent to the close or adjournment sine die of the first regular session of the 80th Congress.

The first regular session began January 3, 1947. That session could be brought to a close in at least two ways: First, by a concurrent resolution of the two Houses of Congress adjourning the session sine die; second, by the beginning of a new session either under an Act of Congress or under that clause of Section 2 of the Twentieth Amendment to the United States Constitution which provides that a new "meeting shall begin at noon on the 3d day of January, [in every year] unless they [Congress] shall by law appoint a different day."

Neither of those two methods of adjourning the first session of Congress has as yet become operative.

Congress has not as yet passed a resolution to adjourn the first session sine die. It is true that when the 80th Congress was in session last summer it passed Concurrent Resolution No. 33 set out in the margin,[1] providing that Congress should adjourn from July 27, 1947 until January 2, 1948, unless notified to reassemble under provisions not now material. But that resolution was a mere temporary adjournment. It was the form of resolution customarily used for a recess. See § 949 of the Rules of the House of Representatives, House Document #810, 78th Congress, 2d Sess. It resembled Senate Resolution of July 8, 1943, adopted by the 78th Congress, First Session, Congressional Record, 78th Cong., 1st Sess. 7471, under which Congress separated and reassembled without ending an old session or beginning a new session. Cf. 57 Stat. 568; Congressional Record, 78th Cong., 1st Sess., 7519. Thus it cannot properly be said that the 80th Congress by Concurrent Resolution No. 33 or by any other measure closed the first session sine die as of July 27, 1947.

Nor has the first session of the 80th Congress been closed as yet by the beginning of a new session under either an Act of Congress or the Twentieth Amendment. The only relevant law passed by the Eightieth Congress is Senate Joint Resolution No. 156, which states that "the second session of the Eightieth Congress shall begin at noon Tuesday, January 6, 1948." Congressional Record, 80th Cong., 1st Sess. 10643. That act would only operate to terminate the first session as of 11:59 a.m. January 6, 1948. And this date is not in any way advanced by the Twentieth Amendment which sets the date as January 3 only if there is no law appointing a different day.

So far my reasoning appears to be entirely in accord with that of the Parliamentarian of the House of Representatives, the Secretary of the Senate and the Director of the Administrative Office of the United States Courts, Annual Report of the Director, September 1947, pp. 26, 27, although it seems contrary to the ruling of Judge Reeves in Shafir v. Wabash R. Co., D.C. W.D.Mo., 1 F.R.D. 467.

But there remains the difficult problem as to whether the first session of the 80th Congress has already been brought to a close not by concurrent resolution, by act of Congress or by the Twentieth Amendment, but by the action of Congress in reconvening on November 17 pursuant to the Proclamation of President Truman issued on October 23, 1947, No. 2751. 12 Fed.Reg.No. 210; Oct. 25, 1947.

Article II, § 3, of the United States Constitution provides that the President "may on extraordinary occasions, convene both Houses, or either of them." This is language of unusual breadth. It is not limited to the situation where a particular Congress has never met in session, or where a Congress has met and adjourned sine die. It also covers the situation where Congress or either House is not meeting because it is in recess under a temporary adjournment.

If the President convenes a Congress that has never met, of course, he is convening it in a new session, which is called in the proclamation an "extra" session. See e. g. Proclamation of President Hoover, March 7, 1929, 46 Stat. 2981. If the President convenes a Congress that has

---

[1] Senate Concurrent Resolution No. 33: "Resolved by the Senate (the House of Representatives concurring) that when the two Houses adjourn on Saturday, July 26, 1947, they will stand adjourned until 12 o'clock meridian on Friday, January 2, 1948, or until 12 o'clock meridian on the third day after their respective Members are notified to reassemble in accordance with section 2 of this resolution, whichever event first occurs.

"Section 2. The President pro tempore of the Senate, the Speaker of the House of Representatives, the majority leader of the Senate, and the majority leader of the House of Representatives, all acting jointly, shall notify the Members of the Senate and the House respectively, to reassemble whenever in their opinion the public interest shall warrant it." Congressional Record, 80th Cong., 1st Sess., 10643. This resolution was amended to set July 27 as the date of adjournment. Congressional Record, 80th Cong., 1st Sess., 10649.

592

met but adjourned sine die, he is likewise convening it in a new session, which is called an "extra" session. See e..g. Proclamation of President Roosevelt, Sept. 13, 1939, No. 2365, 54 Stat. 2660. But in the case at bar we are faced with a situation where when the President issued his proclamation Congress had met and adjourned only temporarily. Is the reconvening of Congress pursuant to the President's call automatically the beginning of a new session and the close of an old session? Jefferson evidently thought it would be. § 51 of his Manual states that if Congress is "convened by the President's Proclamation, this must begin a new session, and of course determine the preceding one to have been a session." This manual is, of course, entitled to great weight because since 1837 it has been, by virtue of a still effective rule of the House of Representatives, governing authority in that House in all cases where there is no conflict with the standing rules and orders of that House. House Rule 43, House Document #810, 78th Congress, 2d Sess. See Congressional Record, 80th Cong., 1st Sess., 36.

On the other hand, the present Parliamentarian of the House and Secretary of Senate have considered the reassembling of the Congress on November 17, 1947, as a continuation of the first session. In their judgment no extra or special session has begun. And their view is finding expression every day in the pagination of the Congressional Record and in like official Congressional documents. Congress so far has apparently acquiesced in this action of its delegates; though the matter does not appear to have been debated.

Moreover, the view of these officers of Congress is not in conflict with any specific language of President Truman's Proclamation. Unlike the Proclamations of Presidents Hoover and Roosevelt already cited, the Proclamation of President Truman dated October 23, 1947, does not refer to an "extra" session which will result from the convening of Congress pursuant to the President's call.

It is unnecessary for me in the case at bar to decide which of these conflicting views is correct. Even if Jefferson's manual is correct, the new amendment to the Rules cannot go into effect prior to February 17, 1948. It is quite possible that before then Congress by legislative action will conclusively remove any ambiguity as to the proper numerical description of its present session, or will more explicitly provide a date when the new amendments to the rules shall go into effect. And it seems to me fitting for a judge not to decide a controversy which has no present importance and may become moot by legislative action.

Motion denied.