**CONTINENTAL CASUALTY CO. v. UNITED STATES, for Use of SCHAEFER et al.**

**No. 11707.**

Circuit Court of Appeals, Ninth Circuit.

March 31, 1948.

108

Brethorst, Holman, Fowler & Dewar, of Seattle, Wash., for appellants Macri et al.

Olson & Palmer, of Yakima, Wash., for appellee Schaefer.

Before DENMAN, HEALY, and BONE, Circuit Judges.

DENMAN, Circuit Judge.

The United States, as use plaintiff for one Schaeffer, sued Sam Macri, Don Macri, Joe Macri, A. J. Goerig, and Clyde Philp, individuals and co-partners doing business as Macri Company, and Continental Casualty Company, a corporation, upon a claimed non-performance of contract between the United States and defendants Macri Company for earthwork, pipelines and structures, laterals 59.3 to 69.8 and sublaterals Roza Division, Yakima Project, Washington, wherein and whereby said defendant contractors contracted to furnish materials and perform work in accordance with the terms of said contract for the sum of $128,550.95. The Continental Casualty Company was joined as surety for the Macri Company's performance of the contract. Judgment on this contract was entered against the three Macris and the Continental Casualty Company jointly and against each of them. The complaint also alleged non-performance of a subcontract of the Macris' company on the same job. Judgment was entered against them alone on this count. The complaint against the other two partners was dismissed.

The Continental Casualty Company claimed against the three Macris on their contract to hold it harmless on its surety bond. Judgment was entered against the Macris for the amount the Continental Casualty Company was held liable to the plaintiff and for its attorneys' fees. This judgment was not made conditional on the non-payment of the judgment by the Macris.

The three Macris also cross complained against the plaintiff. Judgment was entered dismissing the cross complaint. The three Macris also cross complained against Goerig and Philp. Judgment was entered dismissing this cross complaint. Goerig and Philp cross complained against the three Macris. Judgment was entered dismissing this complaint. All the judgments were entered on May 1, 1947.

The Continental Casualty Company and Goerig and Philp moved for a new trial. The three Macris did not join in the motion. The motions for a new trial were denied on May 20, 1947. The Continental Casualty Company and Goerig and Philp appealed within three months after May 1, 1947. The Marcis delayed their appeal until August 18, 1947, more than three months after the entry of the judgments against them, but within three months after the denials of the motions for new trial, in which they did not join.

Schaefer, for whom the United States sues, but not the United States the use plaintiff, moves to dismiss the Macris' appeal on the ground of absence of jurisdiction. There is no motion on behalf of the others having judgment. However, since the question is one of jurisdiction, we must proceed to consider it, even though there may be no moving party.

As to the judgments against the three Macris on their cross complaints, it is apparent their appeal must be dismissed. They made no motion for a new trial as to these judgments, and that of Goerig and Philp was of adversary parties and could not be construed as on behalf of the Macris. So also of the judgment for the United States on the second count against the Macris alone. The statute was not tolled as to it.

The joint and several judgment on the count in favor of the United States against

the Macris and their surety and that in favor of the Continental Casualty Company against the Macris on their agreement to hold it harmless present a different question. It is contended that since there might have been a granting of the motion for a new trial *in favor of* the Continental Casualty Company, the Macris' surety, which would dispose of the same issue as that decided against the judgment debtors Macris, cojointly and with their surety, the pendency of the motions for a new trial by one of such debtors tolled the time for appeal as to all of them.

The Macris cite Brockett et al. v. Brockett, 2 How. 238, 240, 11 L.Ed. 251, the leading case of the judge-made law that the pendency of a motion to modify a decree or for a new trial tolls the statutory time for appeal.* However, the opinion there states that the petition to have opened the decree, the consideration of which tolled the statute, was by the losing "defendants" (plural). The title of the case, with Brockett et al. as appellants, as well shows the petition was not by one of them appealing alone.

More relevant is Zimmern v. United States 298 U.S. 167, 56 S.Ct. 706, 80 L.Ed. 1118, where the judge sua sponte, extended the time to do all things connected with the decree because "it will be necessary to modify and amend the said decree." There the Supreme Court reasoned that since none of the defendants decreed against could know how the amendment would affect him, the statute was tolled as to all. Cf. Leishman v. Associated Electric Co. 318 U.S. 203, 205, 63 S.Ct. 543, 87 L.Ed. 714.

It is apparent that if the motion for the new trial were granted to the surety of the Macris, it would be on grounds that in justice would require a similar relief for the Macris against the judgment on the first count in favor of the United States and also that against them and in favor or the surety. If the trial court on the motion of the surety had the power to set aside these two judgments, the Macris could not know until the surety's motion were decided whether the judgments were final as to them. That is to say, they would be in the situation of the parties in the Zimmern case.

The question, then, is could the trial court under Rule 59(a) of the Federal Rules of Civil Procedure have granted a new trial to the Macris on their judgment on the motion of their surety. As to judge-tried cases, Rule 59(a) provides:

"(a) Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues. * * * (2) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States. On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment."

■ It is not a strained interpretation of the language of the first sentence of the rule that a motion of a surety to "open," that is, set aside, a joint and several judgment against it and its three principals empowers the court to set it aside as to all four of them. We have held that those rules must be liberally construed. Phillips v. Baker, 9 Cir., 121 F.2d 752, 754; Pierkowskie v. New York Life Ins. Co., 3 Cir., 147 F.2d 928, 933; Fakouri v. Cadais, 5 Cir., 147 F.2d 667, 669.

An analogy to such an interpretation of power in the district court is the power of the appellate court on an appeal taken by but one party on an issue which, if resolved in his favor, will likewise affect another party, to reverse the judgment as to such non appealing party. In re Barnett, 2 Cir., 124 F.2d 1005, 1009 and state cases cited: Maryland Casualty Co. v. City of South Norfolk, 4 Cir., 54 F.2d 1032, 1039; c.f. Washington Gas Light Co. v. Lansden, 172 U.S. 534, 555, 19 S.Ct. 296, 43 L.Ed. 543.

---

* Now embodied in Federal Rules of Civil Procedure, rule 73(a), 28 U.S.

C.A. following section 723c, effective March 19, 1948.

110

Since it is our view that the motion for a new trial by their surety tolled the statutes for the Macris, on their appeals from the judgment on the first count of the complaint of the United States and the judgment in favor of Continental Casualty Company, we hold they conferred jurisdiction here. As to the other appeals of the Macris, we order entered a judgment of dismissal as to them.