220 F.2d 242
 ATLANTIC COAST LINE RAILROAD COMPANY, Appellant,
v.
W. A. SHIELDS and Southern Railway Company, Appellees.
W. A. SHIELDS, Appellant,
v.
ATLANTIC COAST LINE RAILROAD COMPANY and Southern Railway
Company, Appellees.
 Nos. 15193, 15072.
 United States Court of Appeals, Fifth Circuit.
 March 17, 1955.
 
 Albert W. Copeland, John C. Godbold, Montgomery, Ala., for appellant.
 Marion Rushton, Drayton Hamilton, Evans Hinson, Montgomery, Ala., Edgar A. Stewart, Selma, Ala., for appellees. No. 15193:
 Evans Hinson, John C. Godbold, Albert W. Copeland, Montgomery, Ala., for appellant.
 Edgar A. Stewart, Selma, Ala., D. W. Hamilton, Marion Rushton, Montgomery, Ala., for appellees.
 Before HUTCHESON, Chief Judge, HOLMES, Circuit Judge, and DAWKINS, District Judge.
 HUTCHESON, Chief Judge.
 This is another case like O'Donnell v. Elgin, J. & E. Ry. Co., 338 U.S. 384, 70 S.Ct. 200, 94 L.Ed. 187; Carter v. Atlanta & St. A.B. Ry. Co., 338 U.S. 430, 70 S.Ct. 226, 94 L.Ed. 236, and Affolder v. New York, Chicago & St. Louis R. Co., 339 U.S. 96, 70 S.Ct. 509, 94 L.Ed. 683, in which a claimant, for injury resulting from defects in a railroad car, invokes both the absolute liability imposed by the Safety Appliance Acts, 45 U.S.C.A. §§ 1 to 46, and the qualified liability arising out of negligence. In those cases it was negligence under the Federal Employers Liability Act, 45 U.S.C.A. §§ 51 to 60. Here it is negligence at common law.
 In those cases, particularly in the O'Donnell case, the Supreme Court points to the wide spread confusion attending the anomalous procedure employed in prosecuting such claims.[1] The same difficulties have made themselves felt here with the result that on the appeal of the Atlantic Coast Line Railroad Company, the judgment must be reversed and the cause remanded.
 
 
 1
 The matter stands differently, however, on the appeal of plaintiff from the judgment upon a directed verdict as to the Southern Railway Company. For the reasons hereafter stated, as to it this judgment must be affirmed.
 
 
 2
 Brought against the Atlantic Coast Line Railroad Company, as the delivering, the Southern Railway Company, as the originating, carrier, the suit was for damages for personal injuries received by plaintiff, an independent contractor and invitee, as the result of the breaking when he stepped upon it of a dome step on a tank car which he had been engaged to unload.
 
 
 3
 Complying with the admonition of the court in the O'Donnell case, supra, the complaint was in two counts. Count One charged that the dome step was a safety appliance, and that its breaking was a violation of the Appliance Acts. Court Two charged that the defendants negligently furnished and tendered, for the unloading of the gasoline therein, a defective tank car.
 
 
 4
 In addition to a general denial, the Atlantic Coast Line alleged as to the first count, (1) that the dome step was not a safety appliance within the meaning of the act, and (2) that if it was, plaintiff, not being a railroad employee, was not entitled to the benefits of the act.
 
 
 5
 As to the second count, the charge of common law negligence, it alleged: that the board which gave way had been newly painted; that the defect in it was not a patent but a hidden defect, which could not have been discovered by the use of ordinary care; and that the Atlantic Coast Line, as a delivering carrier, was not as matter of law, and could not be found, guilty of negligence in handling the car.
 
 
 6
 The Southern Railway alleged: that the Alabama Statute of Limitations of One Year had barred the cause of action as to it, and (2) that it was not the originating carrier, and that it had never had the car in its possession.
 
 
 7
 On the issues thus joined, the cause was tried to a jury on evidence which included uncontradicted evidence: that the New Orleans and Northeastern Railroad Company was the initial carrier of the car; that the Southern Railway Company had at no time had anything to do with its handling; and that, though the stock of the New Orleans and Northeastern Railroad Company was solely owned by it, Southern Railway Company was an absolutely separate corporation; that it did not operate its subsidiary; and that it had never handled the car.
 
 
 8
 The district judge, therefore, instructed a verdict for the Southern Railway and submitted the cause to the jury as to the Atlantic Coast Line on both counts and on a general charge.
 
 
 9
 There followed a general verdict and judgment for $7500.00 against Atlantic Coast Line from which that defendant has appealed, while plaintiff has appealed from the judgment in favor of the Southern Railway Company.
 
 
 10
 Here the Atlantic Coast Line insists that it should have had an instructed verdict on both counts, and that the judgment must be reversed and rendered for it. As to the first count, it claims: (1) that the dome step or platform was not a safety appliance; and (2) that if it was, plaintiff may not invoke the benefit of the act. As to the second count, its claim is that the evidence establishes as matter of law: that the defect in the board was not patent but latent; and that defendant had made the usual careful inspection of the car and the defect complained of was not discoverable upon such an inspection.
 
 
 11
 In the alternative, it urges upon us that if it was not entitled to an instructed verdict throughout, it was certainly entitled to an instruction as to Count One, and, finally, that if it was not entitled to an instructed verdict at all, there were errors in the charge and in the refusal of its requested instructions which require a reversal.[2]
 
 
 12
 We find ourselves in complete agreement with the position taken and the reasons given for that position in the appellant's brief with respect to the first count. This is that when a railroad company has complied with the regulations prescribed by the Interstate Commerce Commission, pursuant to the authority delegated to it in 45 § U.S.C.A. 11 et seq., it '* * * has discharged its full duty so far as the ladder (or any other safety device) requirement of the Safety Appliance Act is concerned. The judgment of the trial court and jury cannot be substituted for that of the commission.' Atchison, T. & S.F.R. Co. v. Scarlett, 300 U.S. 471, 57 S.Ct. 541, 543, 81 L.Ed. 748; Apache Ry. Co. v. Shumway, 62 Ariz. 359, 158 P.2d 142, 159 A.L.R. 857.
 
 
 13
 We agree with the appellant that the dome step is not, within the classification of the I.C.C., a running board, and that, in assuming, without any basis in law for the assumption, that it was a safety appliance, the court erred. He did correctly declare in his charge: that whether it was or was not a safety appliance was to be determined as matter of law; and that he did not and would not consider the testimony of any of the witnesses as to whether it was or was not. Without, however, any basis in the statute or in any order or regulation of the Commission for so holding, he did determine as matter of law that it was a safety appliance. So determining, he advised the jury that it was not for it to determine whether it was or was not such, but only whether it was safe, and thus imposed upon the defendant, as to the dome step, the absolute obligation imposed by the statute only with respect to safety appliances. In doing this, he erred.
 
 
 14
 As appellant correctly points out in the discussion in its brief, a chaotic condition would be produced if the question of compliance with the Safety Appliance Act and the specifications governing the number, location, dimension and manner of appliances should be left to the varying notions of judges or the inexperienced laymen who comprise petit juries. For it is not every device with which a car might be equipped which comes under, and is governed by, the Safety Appliance Act or the regulations adopted by the Interstate Commerce Commission pursuant thereto. Only those are safety appliances which are officially determined by law or regulation to be such. Central Vermont R. Co. v. Perry, 1 Cir., 10 F.2d 132; Fleming v. Richardson, 237 Iowa 808, 24 N.W.2d 280; Davis v. Manry, 266 U.S. 401, 45 S.Ct. 163, 69 L.Ed. 350; Hill v. Minneapolis, St. P. & S.S.M.R. Co., 160 Minn. 484, 200 N.W. 485.
 
 
 15
 Nowhere in the regulations adopted by the Interstate Commerce Commission relating to tank cars, as set forth in Secs. 131.8 and 131.9, Title 49 (Transportation) Code of Federal Regulations, or elsewhere, will there be found any reference to a dome step board, by whatever name that device might be labeled.
 
 
 16
 By its very failure to prescribe any regulation governing such a device, the Interstate Commerce Commission has demonstrated its administrative determination that dome step boards do not fall within the scope of the Act.
 
 
 17
 A verdict should have been instructed on the first count.
 
 
 18
 In view of our agreement with appellant that the step is not a safety appliance, it is unnecessary for us to consider and decide whether defendant is right in its second position, that plaintiff, not being a railroad worker, is not entitled to the protection of the Act. It is sufficient to refer to cases pro and con. Patton v. Baltimore & O.R. Co., 3 Cir., 197 F. 732; Risberg v. Duluth, Missable & Iron Range Ry. Co., 233 Minn. 396, 47 N.W.2d 113; Fairport, P. & E.R. Co. v. Meredith, 292 U.S. 589, 54 S.Ct. 826, 78 L.Ed. 1446; Brady v. Terminal R. Ass'n of St. Louis, 303 U.S. 10, 58 S.Ct. 426, 82 L.Ed. 614; Jacob v. Illinois Cent. R. Co., 133 La. 735, 63 So. 306.
 
 
 19
 As to the second count, we agree with Atlantic's view that if the defect in the board was not discoverable in the exercise of reasonable care, it could not, as delivering carrier, be held negligent for not discovering the undiscoverable.
 
 
 20
 We cannot agree with it, though, that the evidence established as matter of law that, in the exercise of due care, the defect was undiscoverable. On the contrary, we think there was sufficient evidence to take the second count to the jury.
 
 
 21
 Because, however, of the submission of the two counts for a general verdict,[3] and because of the errors in the giving and refusal of charges, the judgment may not be affirmed as to Atlantic on the second count.
 
 
 22
 As to plaintiff's appeal from the judgment for Southern Railway, Southern meets it first with a motion to dismiss because the appeal was not timely. The point made is that, instead of being taken within the time limited from the entry of the judgment in Southern's favor, it was not taken until after the motion of Atlantic for a judgment notwithstanding the verdict and, in the alternative, for a new trial, had been acted upon.
 
 
 23
 Without laboring the matter by a discussion of them, it is sufficient to say that, under the cases cited by appellant, Continental Cas. Co. v. United States, 9 Cir., 167 F.2d 107, a case from this court of Zimmern v. United States, 298 U.S. 167, 56 S.Ct. 706, 80 L.Ed. 1118, and the case of Leishman v. Associated Wholesale Electric Co., 318 U.S. 203, 63 S.Ct. 543, 87 L.Ed. 714, the point is not well taken. The appeal was timely. It may not be dismissed.
 
 
 24
 On the merits, however, we agree with Southern: that, under the undisputed facts, Southern was not the alter ego of the N.O. and N.E. Railroad Company; that it was not, and could not be, sued as the original carrier; and that the district judge was right in instructing a verdict in its favor.
 
 
 25
 No useful purpose will be served by setting out in detail the evidence on which this conclusion is based. It suffices to say that while Southern, as the holding company, has the same general executive officers as its subsidiary, the other employees are not the same. The Southern Railway, as such, does not run or operate the N.O. & N.E. Railroad Company, and it had nothing to do with the handling of the car in question, as originating carrier or otherwise. A consideration of the cases on which appellant relies for his different view shows that they do not, as applied to the facts of this case, at all support it. This is particularly so with respect to the case on which he mainly relies, Southern Railway Co. v. Crosby, 4 Cir., 201 F.2d 878, 36 A.L.R.2d 1186, in which the facts were wholly different.
 
 
 26
 Without setting out the facts of this case, it is sufficient to say that to hold under them that the Southern Railway Company may be sued as the operator of the N.O. and N.E. Railroad Company, and, therefore, the originating carrier, would require a holding in substance that a holding company is responsible simply, because it is holding company, as the actor in the routine, the ordinary, activities of its wholly owned subsidiary in and about the business which the subsidiary was incorporated to, and does, actively own and operate.
 
 
 27
 The judgment is affirmed as to the Southern Railway Company. It is reversed and remanded as to the Atlantic Coast Line for further and not inconsistent proceedings.
 
 
 
 [1]
 'Notwithstanding this Court's efforts to distinguish the safety appliance violation case from the common law negligence case, confusion of the two persists,-- in part, at least, due to the anomalous procedure by which such claims are litigated. * * * The appliance cause often is joined with one for negligence, and even sometimes, as here, mingled in a single mongrel cause of action. In addition, at trial, certain issues such as causation and extent of injury, for example, are common to both causes of action. * * *
 '* * * Pleadings will serve the purpose of sharpening and limiting the issues only if claims based on negligence are set forth separately from those based on violation of the appliance acts.
 'But no matter how the pleadings are allowed to stand, we think it is almost indispensable to an intelligible charge to the jury that a clear separation of the two kinds of actions be observed and impressed. * * *' O'Donnell v. Elgin, J. & E. Ry. Co., 338 U.S. 384, 70 S.Ct. 200, 204.
 
 
 [2]
 Since the error will not again occur, in view of the fact that the safety appliance count has been eliminated, it is sufficient at this time to say that in charging the issues raised by the two counts, the court did not follow the admonition of the Supreme Court in the O'Donnell case to keep the issues of the two counts completely separate and distinct. On more than one occasion he charged in a way which made it extremely difficult if not impossible for the jury to avoid confusion, if not bewilderment, in respect to the completely different concepts of absolute liability under count one, if the step was unsafe, and conditional liability under the second count, only if its unsafety was the result of negligence
 Further, while the district judge, in the general charge, did endeavor to correctly present the defense which defendants put forward in their special charges numbered 9 to 13, inclusive, we are of the opinion that he did so skimpingly, if at all, and that this failure should be remedied on another trial.
 
 
 [3]
 The court charged the jury: 'You must determine, Gentlemen, whether the plaintiff is entitled to recover under either theory of this complaint. It is not necessary for you to designate in your findings which theory you predicate your findings under, if you find that the plaintiff is entitled title to recover under either theory of this case.'