Carline Turner STEVENS

v.

Roscoe TURNER.

No. 11255.

United States Court of Appeals Seventh Circuit.

May 18, 1955.

Ted B. Lewis, French M. Elrod, Indianapolis, Ind., for appellant.

James V. Donadio, R. Stanley Lawton, Donald G. Sutherland, Indianapolis, Ind., for plaintiff-appellee, Ross McCord Ice & Miller, Indianapolis, Ind., of counsel.

Before DUFFY, Chief Judge, and LINDLEY and SWAIM, Circuit Judges.

LINDLEY, Circuit Judge.

Before reaching the merits of this appeal by defendant from a summary judgment in favor of plaintiff, we must consider plaintiff's motion to dismiss for want of jurisdiction.

Plaintiff brought the action to recover money alleged to be due her for support and maintenance under a California divorce decree. On her motion a summary judgment was entered in her favor on June 22, 1954. On June 28 defendant filed a motion in which it was averred that recovery of a portion of the judgment in the amount of $8,800 was barred by the five-year statute of limitations of California, and it was prayed that the judgment be amended by reducing the total amount of the recovery by that amount.

On July 19, 1954, while the motion was still pending, defendant filed his notice of appeal under which this appeal is prosecuted. The parties admit that defendant's motion was finally overruled by the trial court on August 23, 1954, though that fact does not appear of record. After the printed record and defendant's briefs had been filed in this court, plaintiff moved to dismiss the appeal, contending that it was premature, and that, therefore, the court has no jurisdiction.

The initial question with which we are faced is whether the appeal was taken from a final judgment as that term is used in the jurisdictional provisions of 28 U.S.C.A. § 1291, i. e., a judgment which terminates the litigation on the merits. Catlin v. United States, 324 U.S. 229, 65 S.Ct. 631, 89 L.Ed. 911. And that question depends on the nature and effect of defendant's motion which was still pending undetermined in the court below when the appeal was taken.

It is obvious from the face of the motion that it is not, as defendant contends, addressed merely to matters of form to correct a ministerial error in the entry of the judgment. On the contrary, defendant sought thereby to plead the California limitations statute. His was a pleading addressed to, and contemplated to affect, the substantive rights of the parties. It asked that those rights, already adjudicated, be altered by reducing the judgment by the sum of $8,800. This situation is not unlike that before the court in Zimmern v. United States, 298 U.S. 167, 56 S.Ct. 706, 80 L.Ed. 1118, where, during the term in which a decree had been entered, the trial court, *sua sponte*, entered an order extending the term for 90 days, prefaced on his recital that "it will be necessary to modify or amend" the decree. Although the question before the Supreme Court was whether an appeal which had been taken after an order modifying the decree had been entered was timely, the language of the Court at 298 U.S. at pages 169–170, 56 S.Ct. at page 707 is aptly descriptive of the effect of the motion with which we are concerned, to-wit:

"We think the effect of [the order extending the term of court] was to suspend the operation of the decree so that no appeal could be taken from it until it had been amended or confirmed, and its vigor thus restored. Until such action had been taken, it was no longer a decree at all. The judge had plenary power while the term was in existence to modify his judgment * * * or even revoke it altogether. * * * Finality was lacking until his choice had been announced."

The significance of such a motion is the same under the Federal Rules of Civil Procedure, 28 U.S.C.A., in the light of the provision of Rule 73(a), which tolls the running of the time for appeal during the pendency of designated substantive motions. United States v. Crescent Amusement Co., 323 U.S. 173, 65

S.Ct. 254, 89 L.Ed. 160; Leishman v. Associated Electric Co., 318 U.S. 203, 63 S.Ct. 543, 87 L.Ed. 714. Thus the effect of defendant's motion was to keep in the district court a continuing jurisdiction to modify or alter or to reaffirm the judgment and thereby to deprive the judgment of the finality essential to our jurisdiction. Chieftain Pontiac Corp. v. Julian, 1 Cir., 209 F.2d 657; Green v. Reading Co., 3 Cir., 180 F.2d 149; Fleming v. Borders, 9 Cir., 165 F.2d 101. On dismissing an appeal as premature because timely motions for a new trial and for judgment in accordance with a reserved motion for directed verdict were still pending in the trial court, the Court of Appeals for the Third Circuit defined the effect of a timely substantive motion on the judgment to which it was addressed, as follows:

"While the courts have been faced more often with the specific problem of determining whether the time for appeal commences to run anew upon the disposition of motions to alter a judgment, the decisions comporting with the pronouncement of [Rule 73 (a)] are founded upon but a single reason. It is, that the District Court, when timely substantive motions are entertained and pending, has not lost jurisdiction, and it having the power to grant the motions, the judgment is not final for the purpose of appeal. The result is a consequence of the jurisdictional limitation upon the Courts of Appeals, that review may be had only of final decisions of the District Courts." Healy v. Pennsylvania R. Co., 3 Cir., 181 F.2d 934, 935–936, certiorari denied 340 U.S. 935, 71 S.Ct. 490, 95 L.Ed. 674.

■ It follows, we think, that defendant's appeal, taken while his motion to amend the judgment was pending, was premature. We acquired no jurisdiction by virtue of it and no after-occurring action or event can inject vitality into it. United States v. Crescent Amusement Co., 323 U.S. 173, 177, 65 S.Ct. 254, 89 L.Ed. 160; R. F. C. v. Mouat, 9 Cir.,

184 F.2d 44. The factual situations involved in the cases last cited and in Studer v. Moore, 2 Cir., 153 F.2d 902, are essentially identical with that before us. In each, a substantive motion intervened between the entry of judgment and the taking of the appeal. In each the motion was thereafter disposed of prior to the appellate tribunal's consideration of the jurisdictional question. In each a judgment of dismissal was entered. The Court of Appeals for the Second Circuit aptly observed, in Studer v. Moore, 153 F.2d at page 903, "Although it must be owned that the defect is purely formal, it concerns our jurisdiction, and, in spite of our first impression to the contrary, we see no escape from holding that, since the original appeal did not remove the cause, nothing done thereafter in the district court [could cure the defect]."

■ The trial court's action in overruling defendant's motion merely rendered the judgment final at that time; it could not affect this appeal, which had been prematurely taken. It is of no moment that apparently both parties treated the judgment as final while defendant's motion was still pending and that plaintiff waited until after defendant's appellate brief had been filed before raising the jurisdictional question. Such a question can never be waived; nothing done by either party, or even by both parties in concert, can vest jurisdiction in the court to review a case over which, under the controlling statute, jurisdiction does not exist. State of Texas v. Chuoke, 5 Cir., 154 F.2d 1, certiorari denied 329 U.S. 714, 67 S.Ct. 45, 91 L.Ed. 620; City of Louisa v. Levi, 6 Cir., 140 F.2d 512; Royalty Service Corp. v. City of Los Angeles, 9 Cir., 98 F.2d 551.

In the words of the Second Circuit in Studer v. Moore, 153 F.2d 903, in spite of our first impression to the contrary, we see no escape from holding that, since the appeal did not remove the cause, nothing done thereafter in the district court could remedy the defect.

The appeal is dismissed.