**In the Matter of T. C. MORROW, Bankrupt.**

**PLANTERS' TRUST AND SAVINGS BANK OF OPELOUSAS, LOUISIANA, Appellant-Cross Appellee,**

v.

**T. C. MORROW, Appellee-Cross Appellant.**

No. 74–2267

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Oct. 11, 1974.

Rehearing Denied Oct. 30, 1974.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Ray Carlton Muirhead, Houston, Tex., for appellant-cross appellee.

Jarrel D. McDaniel, Ben H. Sheppard, Jr., Houston, Tex., for appellee-cross appellant.

Before BROWN, Chief Judge, and THORNBERRY and AINSWORTH, Circuit Judges.

AINSWORTH, Circuit Judge: ·

This case requires us to interpret and apply several of the Federal Rules of Civil Procedure pertaining to notice of orders of judgment and time within which to take an appeal. We conclude from reading these provisions—Rules 77(d), 60(b), 6(b), and Appellate Rule 4(a)—that the present appeal was not timely filed and therefore must be dismissed.

Planters' Trust and Savings Bank (Planters'), a creditor of T. C. Morrow, the bankrupt, appeals from that portion of a judgment dated September 27, 1973 pertaining to an award of attorneys' fees. The district court, invoking its broad powers under the bankruptcy laws, reduced the award of attorneys' fees from a contractually stipulated amount to an amount it considered reasonable.

No notice of appeal or request for an extension was filed by Planters' within the 30-day limit set by Fed.R.App.P. 4(a). On January 4, 1974, ninety-nine days after the entry of the judgment, Planters' orally requested additional time to file a notice of appeal, which request was granted by the district court for the expressed reasons that the failure to file a notice of appeal was caused by "circumstances over which the attorney ·for the debtor had no control and further because excusable neglect was involved in the attorney's being notified of the ruling of this Court in which the Referee in Bankruptcy's decision was affirmed." Later, however, on January 8, 1974, the district court rescinded its order and directed counsel for Planters' to file a written motion to extend time to file notice of appeal. This motion was filed on January 11, 1974.

On February 19, 1974, Planters' filed an application for relief from the judgment, based on its allegation of lack of notice of entry of the judgment. Apparently the notice by the clerk had been misdirected in the mails. On March 22, 1974, the district court denied Planters' motion for an extension but vacated its original judgment entered on September 27, 1973 and entered a new, identical judgment, so as to start again the running of the time for appeal.

■ Fed.R.Civ.P. 77(d) provides: "Lack of notice of the entry [of judgment] by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure." That appellate rule requires the filing of an appeal within thirty days of the entry of judgment, except that "[u]pon a showing of excusable neglect, the district court may extend the time for filing the notice of appeal by any party for a period not to exceed 30 days from the expiration of time otherwise prescribed by this subdivision." Because the first indication of Planters' intention to appeal came long after this delay, Appellate Rule 4(a) is inapplicable.

■ Rule 77(d) was amended in 1948 in response to Hill v. Hawes, 320 U.S. 520, 64 S.Ct. 334, 88 L.Ed. 283 (1944). In *Hill* the clerk failed to send notice of entry of a judgment to an attorney. The district court vacated its judgment and entered a new one in order to permit the party to appeal, citing the clerk's error as its reason. The Supreme Court affirmed. The Advisory Committee made it clear that the 1948 amendment to Rule 77(d) was designed to nullify *Hill*:

The effect of the decision in Hill v. Hawes is to give the district court power, in its discretion and without time limit, and long after the term may have expired, to vacate a judg-

ment and reenter it for the purpose of reviving the right of appeal. This seriously affects the finality of judgments. . . .

Rule 77(d) as amended makes it clear that notification by the clerk of the entry of a judgment has nothing to do with the starting of the time for appeal; that time starts to run from the date of entry of judgment and not from the date of notice of the entry. Notification by the clerk is merely for the convenience of the litigants.

Other Circuits have ruled in conformity with the Advisory Committee's Comment on Rule 77(d), consistent with the accepted view of the requirement of timeliness of appeals generally. Lathrop v. Oklahoma City Housing Authority, 10 Cir., 1971, 438 F.2d 914; Lord v. Helmandollar, 1965, 121 U.S.App.D.C. 168, 348 F.2d 780. *See generally* Leishman v. Associated Wholesale Electric Co., 318 U.S. 203, 205, 206, 63 S.Ct. 543, 544, 87 L.Ed. 714 (1943); Pfister v. Northern Ill. Finance Corp., 317 U.S. 144, 149–151, 63 S.Ct. 133, 137–138, 87 L.Ed. 146 (1942); Wayne United Gas Co. v. Owens—Illinois Glass Co., 300 U.S. 131, 137, 57 S.Ct. 382, 385, 81 L.Ed. 557 (1937) (appeal dismissed where rehearing was granted solely to extend appeal time); Zimmern v. United States, 298 U.S. 167, 56 S.Ct. 706, 80 L.Ed. 1118 (1936) (motion to amend form of judgment rather than substance does not toll appeal time); Credit Co. v. Arkansas Cent. Ry. Co., 128 U.S. 258, 9 S.Ct. 107, 32 L.Ed. 448 (1888) (trial court cannot extend appeal time by entering *nunc pro tunc* order); Bowman v. Estelle, 5 Cir., 1974, 498 F.2d 1090; Long v. Emery, 10 Cir., 1967, 383 F.2d 392, 394; Nichols-Morris Corp. v. Morris, 2 Cir., 1960, 279 F.2d 81, 83 (motion for extension of appeal time, based on failure to notify of entry of judgment, denied).

Fed.R.Civ.P. 6(b) deals with enlargement of the time within which various actions must be taken under the Federal Rules:

When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under rules 50(b), 52(b), 59(b), (d) and (e), 60(b), and 73(a) and (g), except to the extent and under the conditions stated in them.

Fed.R.Civ.P. 60(b) permits the district court to "relieve a party or his legal representative from a final judgment, order or proceeding for . . . any other reason justifying relief from the operation of the judgment."

In Smith v. Jackson Tool & Die, Inc., 5 Cir., 1970, 426 F.2d 5, we upheld the vacating and re-entry of judgment under Rule 60(b) where the clerk failed to notify the parties. In that case, however, the error went further. The trial court rendered its written opinion which was sent to counsel for the parties. Plaintiff's counsel immediately asked the judge to delay entry of the judgment but received no reply. Opposing counsel then communicated his willingness to agree to a delay and submitted a proposed judgment to the trial judge. The court entered the proposed judgment without waiting as requested, but the clerk failed to notify the parties. Subsequent correspondence from the plaintiff's attorney to the trial judge clearly indicated a belief that opposing counsel's proposed judgment had not yet been acted on by the court. The trial court, however, made no effort to correct counsel's misapprehension and, as we have indicated, entered the judgment notwithstanding the request for delay.

Here, in contrast, there was only a simple failure to notify Planters' by the

clerk. Nothing happened to put the District Court on notice that Planters' was relying on a mistaken belief that judgment had not been entered. To permit an appeal where there is failure to notify, without more, would be opposed to the clear wording and intent of Rule 77(d).

The appeal is dismissed for want of jurisdiction.