**SATURN AIRWAYS, INC., Petitioner,**

v.

**CIVIL AERONAUTICS BOARD,
Respondent,**

Dan–Air Services Ltd. et al.,
Intervenors.

Lynn Michelle TSCHIRHART and Paul Jeffrey Tschirhart, Petitioners,

v.

**CIVIL AERONAUTICS BOARD,
Respondent,**

Americans For Charter Travel Capitol International Airways, Inc., Intervenor.

**NATIONAL AIR CARRIER ASSOCIATION, INC., et al., Petitioners,**

v.

**CIVIL AERONAUTICS BOARD,
Respondent,**

Dan–Air Services Ltd. et al., Intervenors.

**AVIATION CONSUMER ACTION PROJECT, Petitioners,**

v.

**CIVIL AERONAUTICS BOARD,
Respondent,**

Capitol International Airways, Inc., Intervenor.

**TRANS WORLD AIRLINES, INC.,
Petitioners,**

v.

**CIVIL AERONAUTICS BOARD,
Respondent,**

Lynn M. Tschirhart et al., Intervenors.

**PAN AMERICAN WORLD AIRWAYS, INC., Petitioner,**

v.

**CIVIL AERONAUTICS BOARD,
Respondent,**

National Air Carrier Association, Inc., et al., Intervenors.

**AMERICAN AIRLINES, INC., Petitioner,**

v.

**CIVIL AERONAUTICS BOARD,
Respondent,**

National Air Carrier Association, Inc., et al., Intervenors.

Nos. 72–1904, 72–1905, 72–1908, 72–1942 and 72–2042 to 72–2044.

United States Court of Appeals, District of Columbia Circuit.

Jan. 9, 1973.

Messrs. Harold L. Warner, Jr., and Edmund E. Harvey, New York City, were on the motions for stay and to retransfer cases.

Mr. R. Tenney Johnson, Gen. Counsel, C. A. B., and Mr. Howard E. Shapiro, Atty., Dept. of Justice, were on the responses by the C. A. B.

Messrs. Robert M. Lichtman and Jerry D. Anker, Washington, D. C., were on the responses for National Air Carrier Assn., Inc., and others.

Messrs. Paul Y. Seligson and Paul M. Ruden, Washington, D. C., were on the responses for Lynn Michelle Tschirhart and Paul Jeffrey Tschirhart.

Messrs. Lester M. Bridgeman and Jeffrey M. Lang, Washington, D. C., were on the responses of Dan-Air Services, Ltd.

Before BAZELON, Chief Judge, and LEVENTHAL, Circuit Judge.

## ORDER

On consideration of petitioners' motion for stay and motion to retransfer, and of the responsive pleadings filed by the parties with respect to the foregoing motions, it is

Ordered by the Court that Petitioners' aforesaid motions are denied for the reasons set forth in the opinion filed herein this date.

PER CURIAM.

In this case we must determine which court of appeals constitutes the circuit of first filing under 28 U.S.C. § 2112(a).[1]

On September 27, 1972, the Civil Aeronautics Board adopted regulations[2] establishing a new class of charters, called

---

1. That statute states, in pertinent part:

   If proceedings have been instituted in two or more courts of appeals with respect to the same order the agency, board, commission, or officer concerned shall file the record in that one of such courts in which a proceeding with respect to such order was first instituted. The other courts in which such proceedings are pending shall thereupon transfer them to the court of appeals in which the record has been filed. For the convenience of the parties in the interest of justice such court may thereafter transfer all the proceedings with respect to such order to any other court of appeals.

2. The new regulations amend 14 C.F.R. Section 372a (adopted September 27, 1972).

Travel Group Charters (TGC), which substantially enlarge the class of passengers eligible for charter flights. On the same day the Board issued a press release describing the new TGC regulations in some detail. At 3 P.M. on September 28, 1972, the Board released to the public the actual text of the amendments to its regulations that implement the TGC experiment.

On September 28, 1972 petitions for review of the CAB order were filed in this circuit by Saturn Airways, No. 72–1904 (filed at 8:34 A.M.), Lynn Michelle Tschirhart, et al., No. 72–1905 (filed at 8:34 A.M.), and the National Air Carrier Association (NACA), et al., No. 72–1908 (filed at 2:22 P.M.). On the same day, Trans World Airlines filed a petition for review in the second circuit at about 5 P.M. Pan American (October 5) and American Airlines (October 3) later also filed petitions for review in the second circuit. On October 26, 1972, the second circuit ordered, on motion of the CAB, the cases there filed to be transferred to this circuit. The text of the order granting the motion[3] suggests that the second circuit has not determined that this is the circuit of first filing under 28 U.S.C. § 2112(a). Rather the order indicates that transfer was ordered to enable one circuit, with all the cases before it, to determine which circuit is the circuit of first filing. That issue is now squarely raised in this court by the major carriers motion to retransfer all 7 cases to the second circuit.[4] In addition, the major carriers have moved for a stay pending appeal of the effectiveness of the Board's new regulations.

The major carriers offer two arguments in support of their retransfer request. First, it is argued that the petitions for review filed in this circuit were premature, and therefore invalid,

because they preceded issuance of an order by the Board. Second, the major carriers contend that the petitioners in this circuit are not sufficiently aggrieved by Board action to give them standing to file petitions for review. We disagree with both arguments.

■ Certainly if the petitions for review filed in this circuit were the only ones filed in this case we would not be justified in dismissing the petitions for lack of jurisdiction. For at the time of filing it was clear both that the Board had taken what it deemed official action and that the substance of that action had been communicated to the public in some detail.[5] Since this basis for the retransfer motion is premised on an erroneous belief in the initial failure of jurisdiction to attach in this circuit, it must fail.

■ The argument that petitioners who filed for review in this circuit were not sufficiently aggrieved by Board action is also without merit. Petitioner NACA objects, inter alia, to the Board's refusal to permit air carriers to deal directly with charter groups. Petitioners National Air Carriers Association and Lynn Tschirhart both object to the Board's refusal to allow children the TGC pro rata price. Although the major carriers may in some sense be more aggrieved than these petitioners, it is obvious that their claims are not so inconsequential as to warrant retransfer on this ground. International Union, United Auto Workers v. NLRB, 126 U.S.App.D.C. 11, 373 F.2d 671 (1967).

As a matter of our discretion under 28 U.S.C. § 2112(a), we do not think the major carriers have made a showing of inconvenience or injustice sufficient to warrant retransfer. Nor does the doctrine of forum non conveniens appear applicable.

---

3. That order is attached to this opinion as an Appendix.

4. On November 13, 1972 acting Chief Judge Wright granted an unopposed motion to consolidate the seven petitions for review that were in this court as a result of the second circuit's transfer order.

5. Compare Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 676, 70 S.Ct. 876, 94 L.Ed. 1194 (1950).

Although we deny the instant motion for retransfer, we wish to state our disapproval of instantaneous petitions for review filed without proper reflection.[6] In the present case, it is plain that the petition for review was filed subsequent to the press release. If that could not be definitely ascertained, the court would in the interest of justice, under section 2112(a), order transfer of the case to the next circuit in which review was sought.

The motion for a stay is denied.

## APPENDIX

NATIONAL AIR CARRIER ASSOCIATION, INC. AND ITS MEMBER AIRLINES, ET AL., INTERVENORS

Respondent, Civil Aeronautics Board (CAB), has moved for orders transferring the petitions for review of an order of the CAB in the above-entitled matters from this Court to the United States Court of Appeals for the District of Columbia Circuit.[1]

The petitioners oppose the motion, claiming that similar petitions for review allegedly filed in the District of Columbia Circuit were (1) prematurely filed prior to entry of the CAB's regulations; (2) that they were so filed for the sole purpose of attempting to deprive this Court of jurisdiction (petitions seeking the same relief having been filed in this Court after the entry of the CAB's regulations); (3) that they were not filed in good faith; and (4) that they were not filed by persons "substantially aggrieved" by the CAB's Travel Group Charter Regulations.

These are important and basic issues (dependent in large measure on the facts) which obviously should not be determined simultaneously by two separate courts trying to resolve identical issues. More seemly procedure calls for granting the Respondent's motion to transfer the petitions filed here to the District of Columbia Circuit so that these issues, which may well affect jurisdiction, (and such others as may arise) may be resolved by that Court.

Accordingly a transfer of the petitions filed herein to the United States Court of Appeals for the District of Columbia Circuit is hereby ordered.

---

Paul R. Hays

---

Leonard P. Moore

October 26, 1972

---

William R. Mulligan

Circuit Judges

---

6. We do not intimate the view that such was the case here.

1. Attorneys representing Saturn Airways, Inc., Lynn Michelle Tschirhart and Paul Jeffery Tschirhart, and National Air Carrier Association, et al., also filed petitions for review in the District of Columbia Circuit.