Bruce E. KRONENBERGER, etc., et al.,
Petitioners,

v.

NATIONAL LABOR RELATIONS
BOARD, Respondent.

No. 74–1204.

United States Court of Appeals,
Seventh Circuit.

May 1, 1974.

———◆———

Richard L. Marcus, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., for petitioners.

Elliott Moore, Deputy Associate Gen. Counsel, NLRB, Washington, D. C., for respondent.

Before PELL, STEVENS and SPRECHER, Circuit Judges.

PER CURIAM.

On November 13, 1973, Cap Makers Union Local No. 5, United Hatters, Cap and Millinery Workers International Union, AFL–CIO, filed its petition in the District of Columbia Court of Appeals seeking to review the NLRB's order in Bruce E. Kronenberger and Herbert Schoenbrod d/b/a American Needle & Novelty Co., 206 N.L.R.B. No. 61 (Oct. 24, 1973). Some two weeks later American Needle filed a "Motion for Reopening of the Record and for Reconsideration En Banc." It also moved to intervene in the court of appeals and to dismiss on the ground that, because of its pending motion for reconsideration, the Board's order was not final. The court of appeals has not, as of yet, ruled on either of these motions. On February 28, 1974, however, the Board denied the motion for reconsideration and thereafter the company filed a petition for review in this court.

28 U.S.C. § 2112(a) provides in part:

If proceedings have been instituted in two or more courts of appeals with respect to the same order the agency, board, commission, or officer con-

cerned shall file the record in that one of such courts in which a proceeding with respect to such order was first instituted. The other courts in which such proceedings are pending shall thereupon transfer them to the court of appeals in which the record has been filed.

Pursuant to § 2112(a) the Board has moved this court to transfer the present proceeding to the District of Columbia.[1] The company, however, has opposed the motion. It argues that the union's petition was filed prematurely and thus ineffectively. *Cf.* United States v. Crescent Amusement Co., 323 U.S. 173, 177–178, 65 S.Ct. 254, 89 L.Ed. 160.[2] Consequently, contends the company, it was the "first to institute proceedings," and this court has exclusive jurisdiction to review the Board's order.

■ In our opinion the decisions in *Crescent* and its progeny are not applicable to the present proceeding.[3] The Senate Judiciary Committee, when it recommended passage of what is now 29 U.S.C. § 160(d)–(f)[4], explained that these provisions would vest jurisdiction in a court of appeals immediately upon the filing of a petition for review; jurisdiction, however, would be concurrent with that of the Board until the transcript of record was filed. According to the Committee, these provisions were

added in order to make clear that up to the filing of the record or transcript, an agency may retain jurisdiction in order to permit that agency to entertain motions for additional processes before the administrative agency, such as the modification or setting aside of an order.[5]

In short, Congress apparently intended that a proper party may be the "first to institute proceedings in a court of appeals," within the meaning of § 2112(a), despite the fact that the Board may retain jurisdiction to modify or set aside the original order. Cf. Saturn Airways, Inc. v. CAB, 155 U.S.App.D.C. 151, 476 F.2d 907, 909 (1973).

■ Since the petition for review was initially filed in the District of Columbia, proceedings were first instituted in that circuit. Thus, we will grant the Board's motion to transfer.

Motion granted.

---

1. Immediately after filing its motion the Board, over the company's protest, transmitted the record to the District of Columbia.

2. In *Crescent* the Government was allowed to appeal, pursuant to the Expediting Act, while motions to amend the final judgment of the district court were still pending. Citing Leishman v. Associated Electric Co., 318 U.S. 203, 63 S.Ct. 543, 87 L.Ed. 714, and Zimmern v. United States, 298 U.S. 167, 56 S.Ct. 706, 80 L.Ed. 1118, the Supreme Court held that this appeal was "premature" and "therefore a nullity." The Government, however, had also taken an appeal after the motions to amend were ruled upon. The Court determined that this second appeal was proper.

3. Even if these decisions had some applicability, it is doubtful that they would require the result sought by the company in this case. *See generally* Song Jook Suh v. Rosenberg, 437 F.2d 1098, 1099–1101 (9th Cir. 1971).

4. Act of August 28, 1958, Pub.L.No.85–791, § 13, 72 Stat. 945–946. The relevant portions of § 2112(a) were also part of this same Act. *Id.* § 2, 72 Stat. 941. Furthermore, § 160(e) and (f) require that the record be filed as provided in § 2112.

5. S.Rep.No.2129, 85th Cong., 2d Sess. (1958), reprinted in 1958 U.S.Code Cong. & Admin.News, pp. 3996, 3998.