*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 12a0107p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
_____

INTERNATIONAL UNION, UNITED
AUTOMOBILE, AEROSPACE AND
AGRICULTURAL IMPLEMENT WORKERS OF
AMERICA (UAW), AFL-CIO, and its LOCAL
822,

　　　　　　　　　　　　　*Petitioners*,

DOUGLAS AUTOTECH CORPORATION,

　　　　　　　　　　　　　*Intervenor*,

　　　*v*.

NATIONAL LABOR RELATIONS BOARD,

　　　　　　　　　　　　　*Respondent*.

No. 12-1014

Filed:  April 4, 2012[*]

Before:  SILER and SUTTON, Circuit Judges; HOOD, District Judge.[**]

_____

## **ORDER**

_____

　　　　The International Union, United Automobile, Aerospace and Agricultural
Implement Workers of America and its Local 822 (collectively, the "Union") petition
for review of a decision of the National Labor Relations Board ("NLRB").  The
employer, Douglas Autotech Corporation ("Douglas"), moves to intervene and to
transfer this petition to the United States Court of Appeals for the District of Columbia
Circuit ("DC Circuit"), where Douglas's earlier-filed petition for review from the same

_____

[*] This order was originally issued as an "unpublished order" filed on April 4, 2012.  On April 20,
2012, the court designated the order as one recommended for full-text publication.

[**] The Honorable Joseph M. Hood, United States District Judge for the Eastern District of
Kentucky, sitting by designation.

decision is pending.  The NLRB also moves to transfer this petition to the DC Circuit.  The Union opposes a transfer and argues that instead the NLRB must submit the matter to the Judicial Panel on Multidistrict Litigation for the selection of a forum.

The NLRB issued its decision and order on November 18, 2011.  On December 15, Douglas filed a timely motion to reconsider.  On December 30, the NLRB issued an order denying reconsideration.  Douglas filed its petition for review in the DC Circuit on January 3, 2012.  The Union filed this petition on January 9.

Under 28 U.S.C. § 2112(a), an agency must certify and file the administrative record in the court of appeals where review is sought.  But "[i]f proceedings are instituted in two or more courts of appeals with respect to the same order," there are three options.  § 2112(a).  First, if multiple petitions for review are filed within ten days of the order, the agency must apply to the Judicial Panel on Multidistrict Litigation, which shall designate the proper court of appeals.  §§ 2112(a)(1), (3).  Second, if one petition is filed within ten days, the agency will file the record in that court, notwithstanding other petitions for review.  § 2112(a)(1).  Finally, in all other cases where petitions have been filed in two or more courts of appeal, the record shall be filed "in the court in which proceedings with respect to the order were first instituted."  *Id*.  In this case, the third option applies.

The Union argues that Douglas's motion to reconsider rendered the NLRB's decision less than final and, because both petitions were filed within ten days of the order denying reconsideration, selection of the forum rests with the Judicial Panel on Multidistrict Litigation.  The applicable statute and regulations, however, do not lead to such a conclusion.

In a proceeding before the NLRB, a party may move for reconsideration "because of extraordinary circumstances[.]"  29 C.F.R. § 102.48(d)(1).  Such a motion must be filed within 28 days or such further time as the NLRB allows.  § 102.48(d)(2).  But "[t]he filing and pendency of a motion under this provision shall not operate to stay the effectiveness of the action of the Board unless so ordered."  § 102.48(d)(3).  A party aggrieved by an NLRB order may seek review in the court of appeals.  29 U.S.C.

§ 160(f).  The statute does not state a time in which such a petition must be filed.  But "[u]ntil the record in a case shall have been filed in a court, as hereinafter provided, the Board may at any time upon reasonable notice and in such manner as it shall deem proper, modify or set aside, in whole or in part, any finding or order made or issued by it."  § 160(d).  Further, jurisdiction does not vest in the court of appeals until the record is filed;  "[u]pon the filing of the record with it the jurisdiction of the court shall be exclusive . . . ."  § 160(e).  Given the possibility that proceedings may be pending before both the NLRB and a court, a motion to reconsider would not preclude the filing of a petition for review.  *See Kronenberger v. NLRB*, 496 F.2d 18 (7th Cir. 1974).  In this case, neither petition for review was filed within ten days of the NLRB's decision of November 18, 2011.  Therefore, the provision of 28 U.S.C. § 2112(a)(3) requiring notification of the Judicial Panel on Multidistrict Litigation does not apply.

Douglas's motion to intervene is **GRANTED**.  Douglas's and the NLRB's motions to transfer this appeal are **GRANTED**.  The clerk is directed to effectuate the transfer of this petition for review to the United States Court of Appeals for the District of Columbia Circuit.

ENTERED BY ORDER OF THE COURT


/s/ Leonard Green
_____
Clerk