**UNITED STATES of America,**
**Plaintiff-Appellant,**

v.

**Richard W. EMENS et al.,**
**Defendants-Appellees.**

**No. 76–1946.**

United States Court of Appeals,
Ninth Circuit.

Dec. 14, 1977.

Rehearing Denied Feb. 13, 1978.

Darrell MacIntyre (argued), Los Angeles, Cal., for plaintiff-appellant.

Howard E. Beckler (argued), Thomas Steel (argued), Hollywood, Cal., David Ashman (appeared), Cerritos, Cal., Hugh Fielder (argued), of Fielder & Fielder, North Hollywood, Cal., for defendants-appellees.

Before BROWNING and ELY, Circuit Judges, and EAST,* District Judge.

EAST, District Judge:

*Superseding Indictment and Proceedings in the District Court:*

Richard W. Emens, John L. Ribando, Charles Rodgers, George M. Challmun, III, David R. Lugo, Steven W. Smith, Marcia L. Browne, Dennis W. Latter, Phillip S. Moskios, Frank J. Maybusher, Gary E. Smedley, and Kenneth R. Bennett (Appellees) were indicted under a superseding indictment for violations of 21 U.S.C. §§ 963 and 846 (conspiracy to import and possess marijuana); 21 U.S.C. § 841(a)(1) (possession of marijuana with intent to distribute); and 21 U.S.C. § 952(a) (importation of marijuana).

The Appellees moved for an order suppressing evidence on the ground that the same was illegally seized. On March 29, 1976, following an evidentiary hearing, the District Court via a single minute order granted the motion to suppress and *sua sponte* dismissed the superseding indictment against all the Appellees, except defendant Lugo who was then a fugitive.

On April 6, 1976, the Government, well within appeal time,[1] moved for a reconsideration of order of suppression and dismissal of the superseding indictment. The District Court considered the motion after taking additional evidence and, on April 19, 1976, denied the motion stating:

"The Court believes that had this additional evidence been presented at the hearing on March 29, 1976, it would have denied defendants' motion to suppress, *but the Court feels that it lacks jurisdiction to reconsider its Order* granting defendants' motion to suppress and dismissing the indictment in the instant case." (Emphasis added).

The Government on April 22, 1976 and within proper season appealed from the March 29, 1976 order of suppression and dismissal of the superseding indictment. Two members of this Court on July 13, 1976 denied the Government's motion for sum-

---

* Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

1. 18 U.S.C. § 3731 reads in part:

"In a criminal case an appeal by the United States shall lie to a court of appeals from a decision, judgment, or order of a district court dismissing an indictment . . . as to any one or more counts . . . . .

"An appeal by the United States shall lie to a court of appeals from a decision or order of a district courts suppressing or excluding evidence . . . in a criminal proceeding . . . . if the United States attorney certifies to the district court that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding.

"The appeal in all such cases shall be taken within thirty days after the decision, judgment or order has been rendered and shall be diligently prosecuted.

"Pending the prosecution and determination of the appeal in the foregoing instances, the defendant shall be released in accordance with chapter 207 of this title.

"The provisions of this section shall be liberally construed to effectuate its purposes."

mary reversal.[2] We remand the cause to the District Court for further consideration.

*Facts* :

We find it unnecessary at this stage to delineate the factual situations of the alleged illegal searches and seizures of contraband, except to state generally that Government agents, following a "tip" concerning the Appellees and later surveillance of them, their places of visitation, associates and operation of two ocean going fishing crafts and several automobiles, searched the boats and automobiles and seized marijuana therefrom. The searches and seizures were made without benefit of a search warrant or warrants. The Government contends that the searches and seizures were based upon founded suspicion which ripened into probable cause and that the warrant requirement was excused by exigent circumstances and/or consent.

*Issues on Review* :

The Government asserts the following issues: [3]

The District Court erred in:

(1) Suppressing the evidence;
(2) Dismissing the superseding indictment; and
(3) Denying the Government's motion for reconsideration on the ground that absence of jurisdiction foreclosed consideration of the motion's merits.

*Discussion and Conclusions* :

*Issue 1* :

In view of the ultimate remand of this cause to the District Court for further proceedings, we deem it unnecessary to meet the merits of this issue at this stage of the appeal.

**2.** While the motion panel of this Court was presented with the merits of Issue 3, *infra*, we do not consider their denial of the motion for summary reversal to have foreclosed our ultimate reconsideration and remand.

**3.** For convenience, we state generally the combined purport of some 20 specific assertions of error.

*Issue 2* :

The Government contends that 18 U.S.C. § 3731 impliedly prohibits a District Court from dismissing an indictment pending appeal of an order granting a motion to suppress evidence. This Court has held that the District Court has the naked power, in appropriate cases, to dismiss an indictment during appeal time. *United States v. Cox,* 475 F.2d 837, 841 (9th Cir. 1973). Whether there was an appropriate exercise of the power in this case need not now be determined in view of the ultimate remand of the cause.[4]

*Issue 3* :

The ultimate question, as we see it, is simply: Does a District Court during appeal time hold jurisdiction to appropriately set aside or vacate its previous pretrial order dismissing an indictment? The answer is yes.

We start with the cardinal premise as taught by the Supreme Court in *Zimmern v. United States,* 298 U.S. 167, 169–70, 56 S.Ct. 706, 707, 80 L.Ed. 1118 (1936): "[The District Court has] plenary power [within appeal time] to modify his judgment for error of fact or law or even revoke it altogether. *Doss v. Tyack,* 14 How. 297, 313, 14 L.Ed. 428; *Bassett v. United States,* 9 Wall. 38, 41, 19 L.Ed. 548; *Bronson v. Schulten,* 104 U.S. 410, 415, 26 L.Ed. 797; *Henderson v. Carbondale Coal & Coke Co.,* 140 U.S. 25, 40, 11 S.Ct. 691, 35 L.Ed. 332. Finality was lacking until his choice had been announced."

In *United States v. Healy,* 376 U.S. 75, 84 S.Ct. 553, 11 L.Ed.2d 527 (1964), the Supreme Court was faced with the question of whether the filing by the Government of a petition for rehearing of a district court's

**4.** In *Cox,* the District Court's order suppressing all of the Government's material evidence was affirmed, and but for the prior dismissal of the indictment, an ultimate dismissal would probably have been mandated. *United States v. Dunn, et al.,* 564 F.2d 348 (9th Cir. 1977).

order dismissing an indictment extended the time in which the Government could appeal.[5] The Court stated the question as "simply whether in a criminal case a timely petition for rehearing by the Government filed within the permissible time for appeal renders the judgment not final for purposes of appeal until the court disposes of the petition . . . ." *Id.* at 77–78, 84 S.Ct. at 555. After noting that it had "recently recognized the appropriateness of petitions for rehearing by the United States in criminal cases, *Forman v. United States,* 361 U.S. 416, 425–426, 80 S.Ct. 481, 4 L.Ed.2d 412,"[6] (*id.*) the Court answered the question affirmatively. The Court's decision in *Healy* is dispositive of the issue here presented. The running of appeal time is not involved here; however, the finality of the order of the District Court dismissing the indictment was stayed by the timely filing of a petition for rehearing,[7] *a fortiori* such order was stayed pending resolution of the petition.

■ Certainly district courts have a wide latitude to refuse reconsideration of their prior decisions. *See United States v. St. Laurent,* 521 F.2d 506 (1st Cir. 1975), *cert. denied,* 423 U.S. 1049, 96 S.Ct. 775, 46 L.Ed.2d 637 (1976). However, the District Court here denied the rehearing, not through the exercise of a judicial prerogative or discretion, but rather because it believed it lacked jurisdiction to reconsider its order of suppression and dismissal.

The record before us is incomplete; nevertheless we gather from the recitals in the order of April 19, 1976, the District Court then entertained doubts as to the appropriateness of the prior order of suppression. If that be so, then the foundation for the order of dismissal—the loss to the Government of all material evidence in support of the charge—is placed in jeopardy.

We hold that the District Court does have jurisdiction and should first address the merits of the Government's motion for reconsideration in a revaluation of the legal worth of the order of suppression and ensuing dismissal of the superseding indictment.

We remand the cause to the District Court for further proceedings consistent herewith.

If a new appeal is filed herein by the Government following the District Court's reconsideration of its order of suppression and dismissal on remand, such new appeal shall be assigned to the same panel with such further briefing and oral argument as may be allowed. The present record on appeal shall be retained in this Court. No further docketing fee will be required, and no costs shall be presently awarded.

REMANDED.

---

5. Prior to January 2, 1971, appeals pursuant to 18 U.S.C. § 3731 were directly to the Supreme Court. Section 3731 affords the Government thirty days from the time "the decision, judgment or order has been rendered" in which to file an appeal. In *Healy,* the appeal was filed within thirty days after the denial of the Government's petition for rehearing but more than thirty days after the entry of the District Court's judgment.

6. *Forman* alone is not dispositive since it involved petitions for rehearing filed in the courts of appeals rather than in the district courts. *Healy,* however, extended the rule in *Forman* to the district courts.

7. While the petition filed by the Government in this case was denominated a motion for reconsideration rather than a petition for rehearing, we deem the difference in nomenclature to be of no significance.