UNITED STATES of America, Plaintiff–Appellee,

v.

Pilar VILLAPUDUA–PERADA, Defendant–Appellant.

No. 88–1242.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 9, 1989.

Decided Feb. 9, 1990.

Antonio R. Zuniga, Phoenix, Ariz., for defendant-appellant.

W. Allen Stooks, Asst. U.S. Atty., Phoenix, Ariz., for plaintiff-appellee.

Before TANG, CANBY, and O'SCANNLAIN, Circuit Judges.

TANG, Circuit Judge:

Pilar Villapudua–Perada appeals his conviction for the unlawful sale of a narcotic drug. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

## FACTS AND PROCEEDINGS BELOW

On December 9, 1970, the government indicted Pilar Villapudua–Perada in the district of Arizona in case number CR–70–657 for the unlawful sale of a narcotic drug. Villapudua–Perada was arrested on the charge approximately nine years later, but on the second day of his January 22, 1980 trial, he escaped custody. The trial continued in his absence, and the jury convicted Villapudua–Perada on January 25, 1980. Sentencing was postponed until Villapudua–Perada was again apprehended.

On February 7, 1980, after the escape, Villapudua–Perada was indicted in case number CR–80–018 for his failure to appear during the trial on the narcotics charge. The two cases, CR–70–657 and CR–80–018, were never consolidated, yet various motions and court orders were made during Villapudua–Perada's absence which carried both case numbers even when they pertained to only one of the cases.

Four years later, on February 27, 1984, the government moved to dismiss without prejudice the indictment in CR–80–018, the failure-to-appear charge, on the ground that "the defendant has remained in fugitive status for such an extended period of time that apprehension and subsequent successful prosecution appears unlikely." The district court granted this motion on March 6, 1984. On March 8, 1984, the government also moved to dismiss without prejudice the indictment in CR–70–657, the narcotics charge on which Villapudua–Perada had been convicted. This motion was granted on March 21, 1984. On June 8, 1984, the government again requested dismissal of the same two matters. The district court granted this motion on June 12, 1984.

On September 28, 1984, while Villapudua–Perada was still in fugitive status, the government filed an ex-parte Motion to Set Aside Order of Dismissal and to Reinstate Conviction. The motion carried both case numbers, but the request concerned only the conviction in CR–70–657, the narcotics charge. The government explained that it had "erroneously submitted a dismissal form for both cases [CR–70–657 and CR–80–018] instead of submitting a dismissal for only CR–80–018, failure to appear." Moreover, the government asserted that it would be "a manifest injustice" for Villapudua–Perada's conviction not to be reinstated in light of his escape during trial. The district court granted the government's motion on October 3, 1984, and reinstated Villapudua–Perada's conviction in the narcotic case CR–70–657.

In early 1988, Villapudua–Perada was recaptured in Mexico and extradited to the United States. Shortly thereafter, with Villapudua–Perada now present before the court, the district court entered judgment of conviction for the unlawful sale of a narcotic drug against Villapudua–Perada and sentenced him to twenty years in prison. Villapudua–Perada filed a Notice of Appeal on May 31, 1988 and a petition for habeas corpus relief on June 24, 1988. The district court denied habeas corpus relief and vacated its March 21, 1984 dismissal order *nunc pro tunc*. Villapudua–Perada timely appeals his conviction.

## DISCUSSION

### 1. *Jurisdiction*

■ Villapudua–Perada contends that the district court lacked jurisdiction to reinstate his conviction because the government's motion for reinstatement was untimely. This court reviews a district court's assumption of jurisdiction de novo. *United States v. Layton,* 855 F.2d 1388, 1394 (9th Cir.1988), *cert. denied,* —— U.S. ——, 109 S.Ct. 1178, 103 L.Ed.2d 244 (1989). Villapudua–Perada's contention fails.

The district court has inherent jurisdiction within the time allowed for appeal to modify its judgment for errors of fact or law or even to revoke a judgment. *United States v. Jones,* 608 F.2d 386, 390 (9th Cir.1979). We treat the district court's reinstatement of an erroneously dismissed indictment as a response to a motion for reconsideration.[1] *United States v. Rubio,* 727 F.2d 786, 799 (9th Cir.1983). A motion for reconsideration is timely presented if "filed within the original period for review." *Id.* (quoting *Jones,* 608 F.2d at 390). That period for review or appeal is governed by 18 U.S.C. § 3731, *see United States v. Emens,* 565 F.2d 1142, 1143 (9th Cir.1977), providing that the government must file an appeal of an order dismissing an indictment within thirty days after the order. 18 U.S.C. § 3731. Because the time to appeal a dismissal of an indictment is thirty days, the time for the government to move for reconsideration of the dismissal is also thirty days. *See Jones,* 608 F.2d at 390. The district court here vacated the dismissal order on October 3, 1984, three months beyond the thirty day period prescribed in section 3731.

Title 18 U.S.C. § 3290 provides: "No statute of limitations shall extend to any person fleeing from justice." In *United States v. Gonsalves,* 675 F.2d 1050, 1053 (9th Cir.), *cert. denied,* 459 U.S. 837, 103 S.Ct. 83, 74 L.Ed.2d 78 (1982), we held that in a proceeding on the defendant's motion to dismiss an indictment because the statute of limitations had run, the defendant's alleged flight from justice on unrelated federal charges tolled the limitations statute on the indictment charges. We reasoned that section 3290 "reflects a congressional intent to deny a person fleeing from justice in any federal jurisdiction the protection of the criminal limitations statute on all federal offenses." *Id.*

We believe section 3290 to be controlling on the facts of this case.[2] The government requested the dismissal of the failure to appear indictment only because Villapudua–Perada had escaped custody and the government believed successful prosecution was unlikely. Therefore, Villapudua–Perada's own action precipitated the government's error in also requesting dismissal of the narcotics indictment. Villapudua–Perada cannot now justly claim the benefit of such error. We hold that the thirty day limitation period in which the district court retained jurisdiction over the dismissed indictments was tolled while Villapudua–Perada was a fugitive. Therefore, the district court retained jurisdiction to reinstate Villapudua–Perada's conviction.[3]

---

1. We note that "[t]here is no precedent" for granting a United States attorney's motion under Federal Rule of Criminal Procedure 48(a) "to vacate a conviction after the trial...." *Hirabayashi v. United States,* 828 F.2d 591, 607 (9th Cir.1987). This circuit has not decided this issue. *Id.* at 608 ("We need not decide whether Rule 48 precludes a district court from ever granting a post-appeal dismissal."). Because of our holding on the issue of the jurisdiction to reinstate Villapudua–Perada's conviction, *infra,* we need not decide in this case whether the government's post-conviction motion to dismiss was permissible under Rule 48.

2. We recognize that 18 U.S.C. § 3731 is not a statute of limitations per se. However, its application here, as a jurisdictional limit over the dismissed indictments, has the effect of a limitations statute.

3. The government argues that the doctrine of disentitlement should bar Villapudua–Perada's claim of error. *See Molinaro v. New Jersey,* 396 U.S. 365, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970). Having found that the district court had jurisdiction to reinstate Villapudua–Perada's indictment, we need not decide the doctrine's applicability to the present case.

## 2. *Evidentiary showing*

■ Villapudua–Perada also contends that the district court abused its discretion in reinstating his indictment because the government presented no evidence to show that error prompted the dismissal. We review the district court's decision to reinstate a previously dismissed indictment for an abuse of discretion. *Rubio,* 727 F.2d at 799. This contention also fails.

■ Federal Rule of Criminal Procedure 47 provides: "A motion other than one made during a trial or hearing shall be in writing unless the court permits it to be made orally. It shall state the grounds upon which it is made and shall set forth the relief or order sought." In its ex-parte motion, the government justified its request for reinstatement by claiming that it had erroneously requested the wrong case to be dismissed. This explanation was plausible in that Villapudua–Perada was the subject of two closely related cases which were often treated as one. The district court did not abuse its discretion.

AFFIRMED.

O'SCANNLAIN, Circuit Judge, specially concurring:

I concur in the court's judgment, but write separately to express my view that the indictment here was never properly dismissed and, therefore, we need not decide whether to reinstate it.

The United States Attorney could not dismiss the indictment under Fed.R.Crim.P. 48(a) once a jury had convicted Villapudua–Perada of the drug charge against him. Rule 48(a) allows a United States Attorney to file a dismissal of an indictment with leave of court and, if during trial, with consent of the defendant. But Villapudua–Perada's case had gone far beyond the indictment and trial stage when the United States Attorney moved for dismissal. In fact, a jury had already convicted Villapudua–Perada of selling narcotics when the United States Attorney filed the mistaken dismissal. A prosecution which has gone to conviction cannot be dismissed under Fed.R.Crim.P. 48(a). *See Hirabayashi v. United States,* 828 F.2d 591, 607 (9th Cir. 1987) ("There is no precedent for applying Rule 48 to vacate a conviction after the trial and appellate proceedings have ended."). Accordingly, I would find the United States Attorney's filing of dismissal of the indictment to be a nullity and would affirm on this basis alone.