47 F.3d 1177
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gilbert MARISCAL, Jr., Defendant-Appellant.
 No. 94-10317.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 15, 1995.*
Decided Feb. 24, 1995.
 
 Before: SCHROEDER, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gilbert Mariscal, Jr., appeals pro se the district court's dismissal of his "motion for alternative sentence" for lack of jurisdiction. Mariscal claims that the district court should have modified his sentence, but he does not contend that his present sentence is incorrect or illegal. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 A district court may not modify a term of imprisonment except: (1) upon motion of the Director of the Bureau of Prisons if extraordinary and compelling reasons exist; (2) pursuant to Fed.R.Crim.P. 35 or as expressly permitted by statute; or (3) "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" under 28 U.S.C. Sec. 994(o). 18 U.S.C. Sec. 3582(c).
 
 
 4
 As the district court noted, the Director of the Bureau of Prisons did not move for a modification of Mariscal's sentence. The Sentencing Commission has not lowered the sentencing range applicable to Mariscal's offenses, and no statute expressly allows the district court to modify the sentence of a defendant in Mariscal's position. Furthermore, because Mariscal's motion did not meet any of the conditions permitting a district court to correct or modify a sentence under Fed.R.Crim.P. 35, the district court correctly determined that it was without authority to modify his sentence. See 18 U.S.C. Sec. 3582(c); United States v. Dahms, 938 F.2d 131, 133 (9th Cir.1991) (reviewing de novo district court's interpretation of a statute); United States v. Villapudua-Perada, 896 F.2d 1154, 1156 (9th Cir.1990) (reviewing district court's assumption of jurisdiction de novo). Finally, Mariscal's equal protection argument fails because he has not shown that the statutory limitations on the district court's power to modify a sentence have been applied arbitrarily or discriminately. See Jones v. Helms, 452 U.S. 412, 423-24 (1981); McQueary v. Blodgett, 924 F.2d 829, 835 (9th Cir.1991).
 
 
 5
 AFFIRMED.
 
 
 
 *
 Because we unanimously find this case suitable for decision without oral argument, Mariscal's request for oral argument is denied. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3