134 F.3d 380
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Judge HILLARD, Defendant-Appellant.
 No. 96-50644.
D.C. No. CR-95-00780-RAP.
 United States Court of Appeals, Ninth Circuit.
 Decided Nov. 25, 1997.
Argued and submitted November 7, 1997 Pasadena, California.
 
 Before BROWNING, BRUNETTI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Judge Hillard appeals his conviction for being a felon in possession of a firearm. See 18 U.S.C. § 922(g). He asserts that certain evidence was improperly admitted. We affirm.
 
 
 3
 1. Hillard asserts that evidence of his possession of another gun and evidence of his drug dealings was "other act" evidence, which was improperly admitted. See Fed.R.Evid. 404(b). We do not agree.
 
 
 4
 In the first place, some of the evidence came in to allow the government to explain the context of the encounter wherein Hillard's home was subjected to a search under a warrant. Given the defendant's position that "something is not right here," and his assertions of lack of knowledge, the court properly allowed the government agent to indicate why he was at the home in the first place. See United States v. Vizcarra-Martinez, 66 F.3d 1006, 1012-13 (9th Cir.1995). Moreover, the district court admonished the jury that the evidence was admitted for that limited purpose and not for its truth. We presume that the jury followed the admonition. See Zafiro v. United States, 506 U.S. 534, 540, 113 S.Ct. 933, 939, 122 L.Ed.2d 317 (1993). Secondly, knowledge, and even possession, issues underscore the reason for admitting the evidence of others, who dealt with Hillard. The undoubted connection between guns and drugs is good evidence that Hillard knowingly possessed the weapon in question, and did so for a well-known purpose. See United States v. Butcher, 926 F.2d 811, 815-16 (9th Cir.1991); see also United States v. Ayers, 924 F.2d 1468, 1473 (9th Cir.1991). Again, any possible undue prejudice was deflected by the district court's repeated admonitions and instructions to the jury. See United States v. Soliman, 813 F.2d 277, 279 (9th Cir.1987). The district court did not abuse its discretion. See United States v. Marashi, 913 F.2d 724, 735 (9th Cir.1990).
 
 
 5
 2. Hillard also contends that the district court erred when it allowed statements he made before he was given a Miranda[1] warning to be admitted into evidence. In the first place, we recognize that the district court changed its mind and resiled from its initial suppression ruling. But district courts can reconsider their prior rulings. See United States v. Wardlow, 951 F.2d 1115, 1116 (9th Cir.1991); United States v. Buffington, 815 F.2d 1292, 1298 (9th Cir.1987); United States v. Rabb, 752 F.2d 1320, 1323 (9th Cir.1984). Especially is that true when a motion for reconsideration is made in a timely manner. See United States v. Villapudua-Perada, 896 F.2d 1154, 1156 (9th Cir.1990); United States v. Jones, 608 F.2d 386, 390 (9th Cir.1979).
 
 
 6
 In addition, the district court was clearly wrong when it suppressed the statements in the first place. As it recognized, it had not considered whether Hillard was actually subject to interrogation, or its functional equivalent, when it first suppressed his admissions. It should have considered that. See Rhode Island v. Innis, 446 U.S. 291, 300-01, 100 S.Ct. 1682, 1689-90, 64 L.Ed.2d 297 (1980); United States v. Moreno-Flores, 33 F.3d 1164, 1168-69 (9th Cir.1994). The agent's addressing of a question about who lived at the house to the assembled multitude of 12 after they were brought out of the house can hardly be called interrogation of Hillard. He did not have to answer. At any rate, it is surely proper to ask whose premises are being subjected to a warrant. See Fed.R.Crim.P. 41(d). But even if that question were considered interrogation, the further declaratory statement that the warrant was for the purpose of searching for drugs and guns was not an interrogation. The fact that Hillard blurted out that there were no drugs but that there was a gun was not to be anticipated. We have found more evocative statements than that to fall short of interrogation. See, e.g., Shedelbower v. Estelle, 885 F.2d 570, 572-73 (9th Cir.1989); United States v. Crisco, 725 F.2d 1228, 1232 (9th Cir.1984). Thus, even if the law of the case doctrine were considered on this issue, the clear error in the district court's initial decision makes the strictures of that doctrine inapplicable. See United States v. Alexander, 106 F.3d 874, 875-76 (9th Cir.1997).
 
 
 7
 Finally, even if the district court did err when it admitted the statements, the other evidence--including Hillard's much more inculpatory post-Miranda statements--was so powerful that any error was harmless beyond a reasonable doubt. See United States v. Polanco, 93 F.3d 555, 562 (9th Cir.), cert. denied, --- U.S. ----, 117 S.Ct. 405, 136 L.Ed.2d 319 (1996); United States v. Wilson, 690 F.2d 1267, 1275 (9th Cir.1982).
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, (1966)