**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Stacy ELDRIDGE, Defendant—Appellant.**

No. 03–50148.

United States Court of Appeals, Ninth Circuit.

Argued May 10, 2004.

Submitted Aug. 12, 2004.

Decided Aug. 13, 2004.

---

**38**

---

Ronald L. Cheng, Esq., Michael S. Lowe, Esq., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

James M. Crawford, Esq., Orange, CA, Stacy Eldridge, Mount Morris, MI, for Defendant–Appellant.

Before: BROWNING, RYMER, and GRABER, Circuit Judges.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**MEMORANDUM** *

Stacy Eldridge was convicted by jury on three counts: (1) conspiracy to distribute and possess with intent to distribute 3,4–methylene–dioxymethamphetamine ("ecstasy" or "MDMA"), in violation of 21 U.S.C. § 846 (Count One); (2) conspiracy to import MDMA, in violation of 21 U.S.C. § 963 (Count Two); and (3) aiding and abetting the importation of MDMA, in violation of 21 U.S.C. § 952(a) and 18 U.S.C. § 2(a) (Count Seven). She challenges the validity of her convictions on numerous grounds. We AFFIRM.

1. *The Government's Motion for Reconsideration*

Eldridge contends that the district court did not have jurisdiction to grant the government's motion for reconsideration of an order dismissing the charges against her in the third superseding indictment. Alternatively, Eldridge argues that the district court erred in granting the government's motion. We consider a district court's exercise of jurisdiction *de novo. United States v. Matta–Ballesteros,* 71 F.3d 754, 762 (9th Cir.1995), *amended by* 98 F.3d 1100 (9th Cir.1996). We review the district court's decision to reinstate a dismissed indictment for abuse of discretion. *United States v. Villapudua–Perada,* 896 F.2d 1154, 1157 (9th Cir.1990).

■ The district court had jurisdiction to hear the government's motion for reconsideration, since it was filed within the time the government could file an appeal. *United States v. Emens,* 565 F.2d 1142, 1144–45 (9th Cir.1977). The district court did not abuse its discretion in granting the government's motion. The district court's order granting the motion corrected its prior error in dismissing the charges in

their entirety, while curing any cognizable prejudice suffered by Eldridge caused by the pre-indictment delay by prohibiting the introduction of evidence concerning Eldridge's personal importation of ecstacy.

### 2. Bunow's Statement

Eldridge contends that the district court erred when it denied Eldridge's motion for a mistrial, based on Bunow's inadvertent reference to ecstacy that was carried in "our suitcases," implying that both women personally imported ecstacy from Paris in their own suitcases. This testimony violated the court's order granting the government's motion for reconsideration, which prohibited the government from presenting evidence concerning Eldridge's personal importation of ecstacy. Eldridge asserts it was misconduct for the government to elicit this testimony.

■ We review a district court's denial of a motion for mistrial for abuse of discretion. *United States v. Nelson*, 137 F.3d 1094, 1106 (9th Cir.1998) (citing *United States v. English*, 92 F.3d 909, 912 (9th Cir.1996)). Because Eldridge objected to the alleged act of prosecutorial misconduct, we review for harmless error. *United States v. Blueford*, 312 F.3d 962, 973–74 (9th Cir.2002). Bunow's testimony concerning "our suitcases" was minor and inadvertent and was not elicited by any prosecutorial misconduct. Any harm caused by the comment was cured during Bunow's cross-examination and in defense counsel's closing argument. The district court did not abuse its discretion in denying the motion for a mistrial.

### 3. The Admission of Testimony Concerning Eldridge's Personal Ecstacy Use

■ Eldridge argues that the district court improperly admitted testimony by Wayne Sanders concerning Eldridge's frequent use of ecstacy. Because Eldridge failed to object to the testimony at trial, we review for plain error. *United States v. Houser*, 804 F.2d 565, 570 (9th Cir.1986). Although evidence of prior bad acts is generally inadmissible, it is admissible when "inextricably intertwined" with evidence of the crime charged. *United States v. Soliman*, 813 F.2d 277, 279 (9th Cir.1987) (internal quotation marks omitted). Sanders's testimony was "inextricably intertwined" with evidence regarding Eldridge's relationship with Sanders and her participation in the conspiracy, and helped the government present a "coherent and comprehensible story" to the jury. *United States v. Beckman*, 298 F.3d 788, 794 (9th Cir.2002) (internal quotation marks omitted).

### 4. Ineffective Assistance of Counsel Claim

Eldridge contends that her trial counsel rendered ineffective assistance of counsel under the Sixth Amendment. Generally, a claim of ineffective assistance of counsel is inappropriate on direct appeal. *United States v. McKenna*, 327 F.3d 830, 845 (9th Cir.), *cert. denied* —— U.S. ——, 124 S.Ct. 359, 157 L.Ed.2d 254 (2003). There are two exceptions to this general rule: (1) when the record on appeal is sufficiently developed to permit review and determination of the claim; and (2) when the legal representation is so inadequate that it obviously denies a defendant her Sixth Amendment rights. *United States v. Ross*, 206 F.3d 896, 900 (9th Cir.2000). Eldridge's claim fits into neither of these exceptions, and we decline to review it.

### 5. Prosecutorial Misconduct Claim

■ Eldridge argues that the district court erroneously denied her motion for a mistrial, on the ground that the government committed prosecutorial misconduct during Eldridge's cross-examination. Spe-

cifically, Eldridge objects to a question asked by the government, which implied that Eldridge put the risk of smuggling the ecstacy from Paris on the younger Bunow. We review for abuse of discretion a trial court's denial of a motion for a mistrial based on prosecutorial misconduct. *United States v. Scholl,* 166 F.3d 964, 974 (9th Cir.1999). Because Eldridge objected to the alleged acts of prosecutorial misconduct, we review for harmless error. *United States v. Cabrera,* 201 F.3d 1243, 1246 (9th Cir.2000). Although the government should not have implied through its question that Eldridge placed the risk on Bunow, the court instructed the jury that statements contained in counsels' questions did not constitute evidence, and the question did not require its own curative instruction. The district court did not abuse its discretion in denying Eldridge's motion for a mistrial.

### 6. *Sufficiency of the Evidence Claim*

■ Eldridge asserts that there was insufficient evidence to convict her of conspiracy to distribute and possess with intent to distribute as charged in Count One of the third superseding indictment. We consider claims of insufficient evidence *de novo. United States v. Odom,* 329 F.3d 1032, 1034 (9th Cir.2003). When a defendant fails to move for acquittal, we review for plain error. *United States v. Weber,* 320 F.3d 1047, 1050–51 (9th Cir.2003).[1]

There was ample evidence for a jury to convict Eldridge of the Count One conspiracy. The government presented evidence that she knew of the nature and scope of the Count One conspiracy prior to her

departure to Paris. The government also presented evidence that Eldridge committed numerous acts in furtherance of this conspiracy, including smuggling a large quantity of ecstacy from Los Angeles to New York for distribution. In light of this evidence, we reject Eldridge's insufficiency of the evidence claim.

### 7. *The Admission of U.S. Customs Analyst Gubler's Summary Testimony*

■ Eldridge argues that the district court erroneously admitted the testimony of Special Agent Gubler, who testified about the summary chart he prepared for trial based on hotel, telephone and other records relating to Eldridge's trips to Paris and New York. Because Eldridge failed to object to his testimony at trial, we review for plain error. *United States v. Tisor,* 96 F.3d 370, 376 (9th Cir.1996). Gubler's testimony simply explained the summary chart he prepared. The chart and testimony were admissible under Federal Rule of Evidence 1006. *United States v. Shirley,* 884 F.2d 1130, 1133 (9th Cir.1989). Gubler did not testify as an expert, and expressed no opinion on the summary evidence. The district court did not abuse its discretion in admitting Gubler's testimony.

### 8. *The Admission of Co-defendant Aziza Kendrick's Statements*

■ Eldridge contends that the admission of written statements made by a co-defendant, Aziza Kendrick, in their joint trial violated the Confrontation Clause of the Sixth Amendment under *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).[2] Because El-

---

1. Eldridge concedes that she failed to preserve this claim by bringing a Rule 29 motion for judgment of acquittal or a new trial, but asserts that she preserved her claim through a motion in limine brought before trial, and as a result, we should review her claim *de novo.*

We need not address this argument because her claim fails under either standard.

2. Eldridge did not raise this claim until oral argument. Although we generally decline to consider an issue not raised in the opening

dridge failed to object to the introduction of her co-defendant's statement, we review for plain error. *United States v. Arias–Villanueva,* 998 F.2d 1491, 1507 (9th Cir. 1993).

Kendrick's statements neither expressly or impliedly incriminated Eldridge. The statements concerned Kendrick's participation in the conspiracy six months *after* Eldridge's trips to Paris and New York and facts Eldridge did not contest, namely, the existence of an ecstacy-smuggling conspiracy which used young attractive women as couriers and decoys. The government did not rely on these statements in its case against Eldridge, and introduction of the statements in Eldridge and Kendrick's joint trial was not a violation of Eldridge's Sixth Amendment rights. *See United States v. Hoac,* 990 F.2d 1099, 1105 (9th Cir.1993) (rejecting defendant's *Bruton* claim that the introduction of a co-defendant's statement violated his Sixth Amendment rights when the statement did not incriminate defendant and concerned facts defendant did not contest).[3]

**AFFIRMED.**

---

brief, we address the merits of the claim because the parties briefed the issue. *See Singh v. Ashcroft,* 361 F.3d 1152, 1157 n. 3 (9th Cir.2004).

**3.** Although *Crawford* heightened the standard under which a co-defendant's statements can be admitted in a joint trial, it did not overrule *Bruton v. United States,* 391 U.S. 123, 88 S.Ct.

1620, 20 L.Ed.2d 476 (1968) and its progeny; indeed, the Supreme Court stated in *Crawford* that its decision was consistent with many of its other Confrontation Clause cases, including *Bruton. See Crawford,* 124 S.Ct. at 1367–68.

